## PROVIDENCE WASHINGTON INS. CO. *v.* WAGER.

*(Circuit Court, N. D. New York.* December 20, 1888.)

ADMIRALTY—APPEAL—BOND.

Rev. St. U. S. § 631, allowing an appeal to the circuit court from all final decrees of the district court in equity and admiralty, except prize cases, where the matter in dispute exceeds $50, and requiring the circuit court to receive, hear, and determine such appeal, does not oblige the court to determine an appeal unless security is given. Such security is required by section 1000, prescribing that every judge "signing a citation on any writ of error" shall take good and sufficient surety that the "plaintiff in error or the appellant shall prosecute his writ or appeal to effect," as appears also by section 1001, dispensing with security on "writ of error, appeal, or other process in law, admiralty, or equity," brought up by the United States.

In Admiralty. Appeal from district court.

*Hyland & Zabriskie,* for appellant.

*E. D. McCarthy,* for appellee.

WALLACE, J.   The question is presented in this case whether upon an appeal to the circuit court from a decree of the district court in admiralty it is necessary for the appellant to give security to prosecute his appeal to effect in order to perfect his appeal.   It is insisted for the appellant that by section 631, Rev. St. U. S., his appeal is to be allowed by the circuit court, and the court is required to determine it whether security is given or not; and that security is no longer necessary except when a writ of error is brought to review judgments at law.   The sections of the Revised Statutes which bear upon the question are 631, 633, 997, and 1000.   Section 631 allows an appeal to the circuit court from all final decrees of the district court in causes of equity and admiralty, except prize causes, where the matter in dispute exceeds the value of $50, and declares that "such circuit court is required to receive, hear, and determine such appeal."   Section 633 allows final judgments of a district court in civil actions, where the matter in dispute exceeds the value of $50, to be re-examined and reversed or affirmed in a circuit court "upon a writ of error."   Section 997 prescribes that there shall be annexed to and returned with "any writ of error" for the removal of a cause "a citation to the adverse party."   Section 1000 prescribes that every judge "signing a citation on any writ of error" shall take good and sufficient surety that the "plaintiff" in error or the appellant shall prosecute his writ or appeal to effect."   Another section which throws some light upon the meaning of section 1000 is section 1001, which provides that whenever "a writ of error, appeal, or other process in law, admiralty, or equity" is brought up to a circuit court by the United States, or by direction of any department o‘ the government, no security shall be required, "either to prosecute said suit or to answer in damages or costs." Upon a first reading it would seem that the "citation" of section 1000 is the citation of section 997, and that section 1000 relates only to reviews of judgments at law upon writ of error, authorized by section 636.   The remedy, and the only remedy, for the review by another court of judgments in cases at common law is a writ of error, while an appeal is the remedy, and the only one, for the review of decrees in equity and admiralty; and when the section requires security to be taken upon "signing a citation on any writ of error," it uses language which appropriately refers only to taking security upon the review of judgments at law.   But if this language is intended to apply only to reviews by writ of error, no meaning can be attributed to the language that follows, and which requires the security to be that the "appellant shall prosecute his writ or appeal to effect," because there is no such party as an appellant to a writ of error, and no such proceeding upon it as an appeal.   Some effect must be given to this language, and effect can be given to it if the words "signing a citation on any writ of error" are used by the revisers as though they are equivalent to allowing an appeal.   Such an interpretation is also suggested by the provisions of section 1001.   That section is superfluous, and wholly nugatory, unless section 1000 requires security to be taken on appeals in admiralty and equity from all parties appellant, including the United States.   The meaning of the revisers as gathered from the lan-

guage of section 1000 and manifested by the terms of section 1001 is certainly equivocal, and sufficiently so to permit a resort to the original sources of the legislation in aid of a correct interpretation.    If the contention of the appellant is correct, not only is no security required of an appellant to prosecute his appeal to effect in equity cases or in admiralty cases, but there is no longer any provision of law in such cases requiring the appellant to give security to obtain a *supersedeas;* so that the Revised Statutes have made a radical change in the practice which has existed ever since the judiciary act of 1789.    Certainly there is no reason why security should be required of a party who seeks to review a judgment at law, and be dispensed with in favor of the party who seeks to review a decree in equity or admiralty; and it is hardly conceivable that it was the intention of the Revised Statutes to make such a serious innovation upon the pre-existing practice as would result if this has been done.

Formerly appeals in admiralty as well as in equity, according to the view of the supreme court, were to be accompanied with a citation to the adverse party, and the appellant was required to give security to prosecute his appeal to effect, and further security to obtain a *supersedeas.*    In the case of *The San Pedro,* 2 Wheat. 132, the court pointed out the distinction between the office of a writ of error and an appeal in the review of judgments and decrees, and held that causes of admiralty and maritime jurisdiction, or in equity, could not be removed for review by writ of error, and that the appropriate mode of reviewing such causes was by appeal.    The court were of the opinion that the provisions of the judiciary act of 1789 were defective in not recognizing this distinction, and that the defect was intended to be remedied by the provisions of the act of March 3, 1803, and held that, construing the two acts together, the effect of the legislation was to leave the writ of error in force as the remedy to review judgments in cases at law, and to leave the remedy by appeal confined to admiralty and equity cases.    The court also held that the provisions of the judiciary act as to the citation and the security to be given upon a review also remained in force, and were applicable to appeals in admiralty.    From the time of this decision until the enactment of the Revised Statutes there was no change in the practice by statute which affects the meaning of section 1000; and according to the well-settled practice of the courts the giving of security was considered essential to the perfecting of an appeal in equity and admiralty. In a case which arose after the enactment of the Revised Statutes it was assumed by the supreme court that an appeal was not perfected until the giving of security.    *The S. S. Osborne,* 105 U. S. 450.    That congress understood that all suitors prosecuting appeals in the circuit court in equity and admiralty causes were obliged to give security for costs to perfect an appeal appears by the act of July 27, 1868.    That act was supplementary to an act of February 21, 1863.    The act of 1863 dispensed with security in cases brought up to the supreme court upon appeal in admiralty or equity causes by the United States, or by direction of any of the departments of the government; and the act of 1868 (section 2) extends the provisions of the act of 1863 to appeals in equity

and admiralty brought up to the circuit court. Unless all suitors, including the United States, were previously required to give security upon bringing an appeal to the circuit court in equity or admiralty causes, this act was superfluous. Inasmuch as the only statute which required this to be done was one which by its language required the judge "signing a citation on writ of error" to take such security, the act of 1868 is a significant legislative interpretation of the meaning of those words. The revisers doubtless used the words in the sense which had been attributed to them by judicial and legislative construction, and, to make their meaning more unequivocal, coupled with them language not in the original statute, denoting that appellants and appeals were within the scope of the provision. Consequently it is a fair interpretation of section 1000 to conclude that when it speaks of signing a citation upon a writ of error, and requires the judge signing it to take security that the "appellant shall prosecute his writ or appeal to effect," it means that the judge who allows an appeal or a writ of error shall take such security. This interpretation gives effect to all the language of the section, embodies in the section the pre-existing law, and denotes why it was deemed necessary to relieve the United States by section 1001 from giving such security. The appellant will be permitted to file a bond or give security within 20 days *nunc pro tunc*. *Davidson* v. *Lanier*, 4 Wall. 454; *O'Reilly* v. *Edrington*, 96 U. S. 726.