[L. A. No. 171.    Department Two.—December 3, 1896.]

## JAMES M. IVEY, APPELLANT, v. KERN COUNTY LAND COMPANY, RESPONDENT.

VENUE OF ACTION—BREACH OF CONTRACT OF CORPORATION TO CONVEY LAND—ELECTION OF PLAINTIFF.—An action for breach of a contract of a corporation to convey land situated in a county other than that of its principal place of business, is triable at the election of the plaintiff in the county where the contract was made or was to be performed, and where it appears that the contract was made and was to be performed in the county where the land is situated, an action brought therein cannot be removed for trial, upon motion of the defendant, to the county in which its principal place of business is situated.

ID.—PLACE OF EXECUTION OF CONTRACT—AGENCY—DELIVERY.—Where
the corporation has an agency in the county where the land is situated,
and the contract, after having been signed by plaintiff in such county,
was forwarded by the agent of the corporation, to the corporation at its
principal place of business, and was there signed on behalf of the cor-
poration, and by it returned to such agent, who finally delivered it to
plaintiff, the contract must be deemed to have been executed in the
county where the land is situated, the execution thereof being incom-
plete until such delivery, and the place of delivery, being the place
where the last act is performed which is necessary to render the con-
tract obligatory, is the place where the contract is made.

ID.—EXECUTION IN DUPLICATE.—A contract to convey land executed in
duplicate is in effect one instrument, which does not take effect until
one of the duplicates is finally delivered to the party to whom the land
is to be conveyed.

ID.—PLACE OF BREACH OF CONTRACT.—Where the plaintiff, as purchaser
of the land, was directed to make his payment to the agent of the cor-
poration in the county where the land was situated, upon full payment
being made there, the plaintiff was entitled to have delivered to him at
that place, and at the time of full payment, a conveyance of the land,
and the contract to convey must be deemed to have been broken in that
county.

APPEAL from an order of the Superior Court of Kern
County granting a change of place of trial.   A. R. CONK-
LIN, Judge.

The facts are stated in the opinion.

*C. E. Arnold,* and *J. W. Wiley,* for Appellant.

The conditions determining the place of trial in the
cases mentioned in section 16 of article VII of the con-
stitution are stated in the alternative, and, if any one
of them exists, defendant is not entitled to the charge as
a matter of right.   (*Fresno Nat. Bank* v. *Superior Court,*
85 Cal. 491.)   A contract is presumed to be performed
at the place where made, when silent as to place of per-
formance.   (*Speed* v. *May,* 55 Am. Dec. 540; *Jones* v.
*Perkins,* 64 Am. Dec. 136; *Lewis* v. *Ledly,* 87 Am. Dec.
227.)   In determining the *locus contractus* when the
contract is silent, the contract is deemed to have been
made at the place where the last act necessary to com-
plete it was done, or where no mutual act remains to be
performed to entitle either party to enforce it, or where
it first takes effect, so as to become a binding obligation
on both parties.   (Lawson on Contracts, sec. 32; 1 Ad-

dison on Contracts, 44, 318, and note.) The last act necessary to the execution of the contract is the delivery. (*Hibbard* v. *Smith*, 67 Cal. 547; *McDonald* v. *Huff*, 77 Cal. 279; *Rutenberry* v. *Main*, 47 Cal. 213.)

*Edward J. McCutchen*, for Respondent.

The contract was complete when the officers of defendant in San Francisco signed it, and not until then. (2 Parsons on Contracts, 582; *Shuenfeldt* v. *Junkermann*, 20 Fed. Rep. 357.)

HAYNES, C.—Plaintiff brought this action in the county of Kern for damages for breach of a certain contract whereby the defendant agreed to sell and convey to the plaintiff certain lands situate in said county of Kern. The defendant filed a demurrer to the complaint, and also a notice of motion and a demand for a change of the place of trial from said county to the superior court of the city and county of San Francisco. Said motion was granted, and the plaintiff appeals from the order granting said motion.

The grounds upon which said motion was based are as follows: "1. That the contract sued upon in this action was made in said city and county of San Francisco, and was to be performed therein; 2. That the obligation or liability of defendant, if any, arose in said city and county of San Francisco, and the breach thereof, if any, by defendant, occurred therein; 3. That the principal office and place of business of defendant is in the said city and county of San Francisco."

The agreement, for the breach of which the action was brought, was executed in duplicate. It recites that said corporation has its principal place of business at the city and county of San Francisco. It describes the land which is the subject of the agreement as being situated in the county of Kern. It provided that all money to be paid to the party of the first part should be paid at its office in the city and county of San Francisco, or at such other place as the party of the first part should, on reasonable notice to the party of the

second part, direct, and, upon receiving all such payments, to execute and deliver to the second party a good and sufficient deed of said premises.

An affidavit filed on the part of the defendant in support of its motion was made by the secretary of the corporation. It states, in substance, that the principal office and place of business of the defendant is in the city and county of San Francisco. That he, as secretary, signed the said contract at said city and county. That so far as said contract imposes any obligation upon the defendant, it was to be performed in said city and county. That no agreement had been made upon the part of the defendant to perform said contract in any other place. That the obligation or liability of said corporation, if any there be, arose from said contract, and, therefore, arose in said city and county of San Francisco. That the breach of said obligation alleged in the complaint was its failure to execute a deed for said premises, and that there was no agreement to execute the deed at any place but in the said city and county.

The affidavit of the plaintiff in opposition to said motion shows: That he is a resident of said county of Kern; that at the time of the making of said contract, and ever since, the defendant has had a place of business, and now maintains its principal office for the transaction of business, at Bakersfield, in said county of Kern; that all negotiations prior to and up to the time of the execution and delivery of said contract in relation thereto were had with the defendant at its said office in Bakersfield; that said contract was there drafted in duplicate by the defendant, and the same was presented to the plaintiff at Bakersfield for his approval, acceptance, and signature; that he there signed in duplicate the said contract, and that after it had been executed by the defendant it was delivered to him at defendant's said office in Bakersfield; that he was instructed in writing by the defendant to make, and did make, all payments at its office in said county of Kern;

and also averred that the obligations imposed upon the defendant by the contract were to be performed at said county of Kern, and that the breach of said contract on the part of defendant occurred there.

The constitution of this state provides as follows: "A corporation or association may be sued (1) in the county where the contract is made, (2) or is to be performed, (3) or where the obligation or liability arises, (4) or the breach occurs, (5) or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." (Const., art. XII, sec. 16.)

If the foregoing provisions of the constitution did not authorize the transfer of the cause for trial from the county of Kern to the city and county of San Francisco, the order must be reversed; if it did, the order must be affirmed. If either one of the said several provisions of said section authorized the plaintiff to bring and have his action tried in the county of Kern, it is immaterial whether either of the other provisions required it to be brought in San Francisco. Most of the cases upon the subject of the place where the contract is made arose in cases where the contract was made in one state, and was to be performed in another, and where the law affecting the contract was different in each of the states, but the principles there involved apply here.

The defendant's principal place of business is the city and county of San Francisco, where it has an office, and where its principal executive officers, the president and secretary, reside. It also has an office or agency in Bakersfield, in Kern county, where the contract set out in the complaint was prepared and was signed in duplicate by the plaintiff and forwarded by defendant's agent to its office in San Francisco for approval and signature, respondent contending that said agent did not have authority to bind the corporation by contract. If we regard the draft of the contract when signed by the plaintiff as an offer or proposal to purchase upon the terms and conditions therein stated, it would

seem to be precisely analogous to a proposed contract
transmitted by mail, and governed by the law controlling
such contracts so far as the place of making it is con-
cerned, and as to such contracts it seems to be well
settled that when the proposal is unconditionally ac-
cepted by a letter deposited in the mail properly ad-
dressed to the proposer the contract is complete. (*Clark*
v. *Dales,* 20 Barb. 42; *Vassar* v. *Camp,* 14 Barb. 354;
*Mactier* v. *Frith,* 6 Wend. 103; *Minnesota Oil Co.* v.
*Collier Lead Co.,* 4 Dill. 431. See, also, note to *Ford* v.
*Buckeye State Ins. Co.,* 99 Am. Dec. 668, and text and
notes, 3 Am. & Eng. Ency. of Law, 856.)

In the first of the cases above cited it was held that,
as soon as the acceptance had gone beyond the control
of the party accepting, the contract thus formed became
mutually obligatory upon the parties. A deposit of
such acceptance in the postoffice, addressed to the other
party, places it beyond his control; and, in some cases,
it has been held that such contract is deemed to have
been made at the place where the acceptance was
mailed; but whether that is true as a general proposi-
tion, or only in exceptional cases, need not be con-
sidered.

In the case before us the proposed contract, after it
was signed by the defendant, was not sent by mail to
the plaintiff, but was sent to defendant's agent in charge
of their branch office or agency at Bakersfield, and was,
by its agency, delivered to the plaintiff at that place; so
that, until its actual delivery to the plaintiff, it was in
the power and under the control of the defendant, and
the acceptance and execution of the proposed contract
was not complete until such delivery, and the place of
delivery, being the place where the last act is performed
which is necessary to render the contract obligatory, is
the place where the contract is made. (*Ford* v. *Buckeye
State Ins. Co., supra; Milliken* v. *Pratt,* 125 Mass. 375;
*Ames* v. *McCamber,* 124 Mass. 85; *Northampton Live Stock
Ins. Co.,* 40 N. J. L. 476; *Shuenfeldt* v. *Junkermann,* 20
Fed. Rep. 357; *Whiston* v. *Stodder,* 8 Mart. (La.) 95;

13 Am. Dec. 281; *Scudder* v. *Union Nat. Bank,* 91 U. S. 406.)

An instrument executed in duplicate is in effect one instrument. (*Kennedy* v. *Gloster,* 98 Cal. 143.) The delivery of the duplicate to the plaintiff at Bakersfield was, therefore, the delivery of the contract, and the execution of a written instrument includes its delivery. (*Clark* v. *Child,* 66 Cal. 87.) "A contract in writing takes effect upon its delivery to the party in whose favor it was made, or to his agent." (Civ. Code, sec. 1626.)

The contract involved in this action was, therefore, made in Kern county, and the action was properly brought in said county, and is triable therein.

The case of *Shuenfeldt* v. *Junkermann, supra,* cited and relied upon by respondent, supports our conclusion. The difference between that case and this lies in the fact that, in that case, the contract was not in writing, and the plaintiff's assent to the proposed contract, which was the last act in its completion, was made in Chicago, while here the last act, and the one necessary to the completion of the contract, was its delivery to the plaintiff, and that act was performed at Bakersfield.

If our conclusion as to the place where the contract was made were doubtful, we think it clear that the place where the breach of the contract by the defendant was committed was also at Kern county. The plaintiff was directed to make his payments at that place. The full payment of the purchase money and the delivery of the deed were concurrent acts, and, upon full payment being made by the plaintiff at Bakersfield, he was entitled to have delivered to him at that place, and at the time of payment, a deed conveying the land to him. Suppose the plaintiff had failed to make his payments, and the defendant had desired to put him in default, it would have been necessary to tender the deed and demand payment at the place where the payment was required to be made. The defendant could not put the plaintiff in default by demanding payment at Bakers-

field, and saying to him: "When you have paid your money, come to our principal place of business in San Francisco and get your deed."

The order appealed from should be reversed.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

TEMPLE, J., HENSHAW, J., McFARLAND, J.