HOWARD INS. CO. OF NEW YORK v. SILVERBERG et al.

(Circuit Court, N. D. California. August 22, 1898.)

No. 12,545.

1. CONTRACTS—PLACE OF EXECUTION—UNDERTAKING ON APPEAL.
    An undertaking on appeal, given to stay proceedings pending the appeal is not delivered so as to become effective until filed, and hence, though signed in another state, is "executed" in the state where filed.

2. LIMITATION OF ACTIONS—CALIFORNIA STATUTE.
    An undertaking given on appeal from a judgment of a court of New York, though signed in California, is "an instrument of writing executed out of the state," within the provision of Cal. Code Civ. Proc. § 339, prescribing the limitation of actions on such instruments.

3. SAME—APPEAL UNDERTAKING—EFFECT OF FURTHER APPEAL.
    The running of the statute against an action on an appeal undertaking given on appeal to the general term of the superior court of the city of New York is not affected by the taking of a further appeal from the judgment of the general term to the court of appeals.

Freeman & Bates, for plaintiff.
Lester H. Jacobs and Deal, Tausky & Wells, for defendants.

MORROW, Circuit Judge. This is an action to recover the sum of $7,485.83 from S. Silverberg and William C. Pease, as sureties on the

bond of Julius Jacobs and George Easton, against whom this plaintiff recovered a judgment in the superior court of the city of New York. The plaintiff is a corporation organized and existing under the laws of the state of New York, and the defendants are citizens and residents of the state of California. A demurrer is interposed to the complaint on several grounds; among others, that the action is barred by the statute of limitations of the state of California as contained in section 339 of the Code of Civil Procedure. A motion is also made to strike out certain parts of the complaint. As the question of the bar of the statute of limitations will be conclusive of the case, it will be unnecessary to consider any of the other objections presented to the complaint.

The complaint shows that the plaintiff in this case recovered a judgment against Julius Jacobs and George Easton on February 1, 1892, in the superior court of the city of New York, for the sum of $7,485.83; that thereupon, after the entry of said judgment, and before the 10th day of August, 1892, the said Jacobs and Easton appealed from said judgment rendered against them to the general term of the superior court of the city of New York; that by virtue of section 1307 of the Code of Civil Procedure of the state of New York it was necessary, in order to perfect said appeal, "to file with the clerk with whom the judgment appealed from is entered, an undertaking on appeal as prescribed in such Code"; that said Jacobs and Easton desired to appeal from said judgment against them, and to stay the execution thereof pending such appeal, but were unable to procure sureties upon their undertaking on such appeal residing in the state of New York, and said Jacobs and Easton thereupon requested this plaintiff to accept as sureties on such undertaking the defendants hereinbefore named, who then resided in the state of California, and the plaintiff thereupon agreed to accept the defendants as such sureties, notwithstanding they resided in the state of California, and to waive the right to sureties residing within the state of New York; and thereupon, on the 10th day of August, 1892, the said defendants, at the request of the said Jacobs and Easton, and for the purpose of perfecting such appeal and obtaining a stay of execution, did make, execute, and deliver, within the state of California, their undertaking on appeal. The condition of the bond was that the appellants "pay all costs and damages which may be awarded against the appellants on said appeal, not exceeding five hundred dollars, and do also undertake that, if the judgment so appealed from, or any part thereof, is affirmed, or the appeal dismissed, the appellants will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which judgment shall be affirmed." It further appears from the complaint that after the execution of the undertaking, to wit, on or about the 10th day of September, 1892, the plaintiff stipulated in writing that it would not except to the sureties thereon, and that such undertaking might be filed in said superior court of said city of New York; that no exception should be taken by the plaintiff to the form of the undertaking, or the time of the filing, or its justification of the sureties, and that such undertaking should operate as a stay of proceedings; that thereafter on the same day the said under-

taking on appeal was filed by the said Jacobs and Easton in the office of the clerk of said superior court last named, and a copy thereof served on this plaintiff; that thereafter, on the 15th day of January, 1894, the said general term of the said superior court of said city of New York duly gave, made, and entered its order and judgment affirming in all respects the said judgment so appealed from, and at the same time awarded the plaintiff for costs and damages the sum of $117.59; that by section 1309 of the Code of Civil Procedure of the state of New York it is provided that an action shall not be maintained upon any undertaking given upon an appeal until 10 days have expired since the service upon the attorney for the appellant of a written notice of the entry of a judgment or order affirming the order or judgment appealed from; that on the 15th day of January, 1894, the plaintiff, by its attorneys, served upon the attorneys in said action of said appellants, Jacobs and Easton, personally, a written notice of the entry of such judgment of affirmance and awarding the sum of $117.59. It is also further averred that thereafter, on the 17th day of April, 1897, the plaintiff, by its attorneys, in accordance with the provisions of section 1309, above referred to, served upon the defendants in this suit a written notice of the entry of the judgment affirming the judgment so appealed from, which said service was made by mailing to each of the said defendants, in a post-paid wrapper, addressed to each of said defendants at his last-known post-office address, to wit, the city of San Francisco, in the state of California. It is also further averred that on or about the 13th day of December, 1894, the said Jacobs and Easton appealed to the court of appeals of the state of New York from the judgment of affirmance entered as aforesaid by the general term, and the said court of appeals, by its order duly given, made, and entered in the year 1896, affirmed said judgment so appealed from, and said judgment of the superior court of the city of New York thereupon became final.

It is contended by counsel for defendants that the cause of action set forth in the complaint as above stated is barred by the provision of the statute of limitations of this state as contained in subdivision 1 of section 339 of the Code of Civil Procedure of this state, which provides that the period prescribed for the commencement of "an action upon any contract, obligation, or liability, not founded upon an instrument in writing, or founded upon an instrument of writing executed out of the state," is two years. In support of this contention it is maintained that the present action is "founded upon an instrument in writing executed out of the state"; that, although signed in California, the undertaking was delivered in New York; that delivery is as essential to the validity of the execution of an undertaking as signing and justification of the sureties are; and that the undertaking sued on in this case can only be deemed to have been fully executed in law when the contract was given life by delivery in the state of New York. As this action was not begun until December 22, 1897, and the judgment of the general term of the superior court of the city of New York was made and entered on January 15, 1894, more than two years had elapsed before the bringing of this action; and, if the contention of counsel for the defendants be sound,

it follows that the action is barred by the limitation prescribed in sub-division 1 of section 339 of the Code of Civil Procedure of this state, above referred to. On behalf of the plaintiff it is contended that the undertaking was, to all intents and purposes, executed in this state, and that, therefore, the limitation prescribed by subdivision 1 of section 339 of the Code of Civil Procedure of this state is inapplicable; but that, on the contrary, the cause of action is governed by section 337 of the Code of Civil Procedure, which prescribes a period of four years within which "an action upon any contract, obligation, or lia-bility founded upon an instrument in writing executed in this state" may be brought. It is obvious that the controlling question is as to where the undertaking sued upon can be deemed to have been ex-ecuted,—whether in California or in New York. If in California, then the action would not be barred; if in New York, it would be. We therefore inquire into what constitutes the execution of an undertak-ing. That delivery is essential to the valid execution of an under-taking is elementary law. 4 Am. & Eng. Enc. Law, p. 622, and cases there cited. Further, it must have been accepted by the obligee. Id. p. 623, and cases there cited. In these respects, a bond or an undertaking is like a deed. Section 1626 of the Civil Code of Cali-fornia provides that "a contract in writing takes effect upon its de-livery to the party in whose favor it is made, or to his agent." Sec-tion 1933 of the Code of Civil Procedure of California provides: "The execution of an instrument is the subscribing and delivering it, with or without affixing a seal." The importance of a delivery with refer-ence to the valid execution of the undertaking in this case is evident, for it is too plain for question that, had the undertaking been signed in California, but never delivered in New York, and filed with the clerk of the court as required by law, no rights would have been de-rived under it, and no liability would have been created against the sureties. Clark v. Child, 66 Cal. 87, 4 Pac. 1058; Stetson v. Briggs, 114 Cal. 511, 46 Pac. 603; Ivey v. Land Co., 115 Cal. 196, 201, 46 Pac. 925. In the latter case the following language was used: "The ac-ceptance and execution of the proposed contract was not complete until such delivery, and the place of delivery, being the place where the last act is performed which is necessary to render the contract obligatory, is the place where the contract is made;" citing Ford v. Insurance Co., 99 Am. Dec. 668; Milliken v. Pratt, 125 Mass. 375; Ames v. McCamber, 124 Mass. 85; Insurance Co. v. Tuttle, 40 N. J. Law, 476; Shuenfeldt v. Junkermann, 20 Fed. 357; Whiston v. Stod-der, 8 Mart. (La.) 95; Scudder v. Bank, 91 U. S. 406. See, also, Hib-berd v. Smith (Cal.) 4 Pac. 473. The undertaking in this case was given to perfect an appeal and to stay proceedings in the state of New York in an action pending in that state. As a matter of law, it could only become operative for these purposes, and the liability of the bondsmen to the plaintiff could only accrue and become fixed, when the undertaking was filed with the clerk of the court. Section 1326, Code Civ. Proc. N. Y. The undertaking had no validity for the purposes for which it was given until it was filed with the clerk of the court, and it is the filing which, in law, must be the delivery of an undertaking. It was held in Raymond v. Richmond, 76 N. Y. 106,

that until an undertaking is filed and served there is no appeal. See, further, on the general proposition that there is no appeal until the appeal bond is filed: Webber v. Brieger (Colo. App.) 27. Pac. 871; Holloran v. Railway Co. (Ind. Sup.) 28 N. E. 549; Insurance Co. v. Wager, 37 Fed. 59; The S. S. Osborne, 105 U. S. 447, 450. In the case of Selden v. Canal Co., 29 N. Y. 634, it was held that, where a bond had to be filed in the county clerk's office, the acceptance by the clerk constituted the delivery. See, also, Dore v. Covey, 13 Cal. 502; Holmes v. Ohm, 23 Cal. 268. The undertaking, therefore, having been delivered, and the execution completed, by its being filed with the clerk of the court in New York, where the judgment was rendered, it must, in the eyes of the law, be deemed to have been executed in New York. "Where a contract is delivered, or first becomes a binding obligation upon the parties, is deemed the place of contract for the purpose of distinguishing what law governs." 3 Am. & Eng. Enc. Law, p. 547. The following cases tend to establish this doctrine: Milliken v. Pratt, 125 Mass. 374; Cook v. Litchfield, 9 N. Y. 279; Lawrence v. Bassett, 5 Allen, 140; Bell v. Packard, 69 Me. 105; Lee v. Selleck, 33 N. Y. 615; Bruce v. Maryland, 11 Gill & J. 383; McPherson v. Meek, 30 Mo. 345; Wildcat Branch v. Ball, 45 Ind. 213; Bank v. Low, 8 Abb. N. C. 390; Duncan v. U. S., 7 Pet. 435; Tilden v. Blair, 21 Wall. 241; Shuenfeldt v. Junkermann, 20 Fed. 357; Com. v. Kendig, 2 Pa. St. 448; Hall v. Parker, 26 Am. Rep. 540; Minnesota v. Young, 23 Minn. 551; Flanagan v. Meyer, 41 Ala. 132; U. S. v. Le Baron, 19 How. 73. An agreement by the consignor to indemnify his consignees, residing in another state, against liability by their having voluntarily become security to release his vessel from attachment, is to be regarded as a contract governed by the law of the latter place. Boyle v. Zacharie, 6 Pet. 635. See, also, Woodhull v. Wagner, Baldw. 296, Fed. Cas. No. 17,975.

The pendency of the appeal from the general term of the superior court of the city of New York to the court of appeals, as set forth in the complaint, could not operate to extend the statute of limitations. The bond was given to abide the decision, on appeal, of the general term of the superior court of the city of New York; not of the court of appeals. It did not purport to relate to the court of appeals. The sureties did not obligate themselves to answer any costs and damages to be adjudicated by that court. Their liability was limited strictly to the decision and judgment of the general term of the superior court of the city of New York. In the following cases in New York it has been held that it is no defense to a statute of limitations on a suit based upon an undertaking to stay proceedings on appeal to the general term of the superior court that the defendant had since appealed to the court of appeals. Burrall v. Vanderbilt, 6 Abb. Prac. 70; Heebner v. Townsend, 8 Abb. Prac. 234.

There is nothing in the other objections presented by counsel for plaintiff. Upon the whole of the case, I conclude that the undertaking sued upon in the case at bar was executed, in law, in the state of New York, and that any action thereon in this state against the sureties is barred by the provisions of section 339 of the Code of Civil Procedure of this state. The complaint will be dismissed, and it is so ordered.