[Civ. No. 13032. First Dist., Div. Two. May 6, 1946.]

RAY ATWATER, Respondent, v. ARGONNE VAN & STORAGE COMPANY (Individual's Fictitious Name), Appellant.

W. L. Carpenter, in pro. per., for Appellant.

Lorenz Costello for Respondent.

DOOLING, J.—This is an appeal from a judgment for $81.21 with interest and costs. The action was commenced in the Justice Court of Palo Alto Township in Santa Clara County to recover the balance due for the installation of a motor in a truck owned and operated by appellant Carpenter, doing business under the name and style of Argonne Van & Storage Company. Defendant filed an answer and cross-complaint praying for damages in the aggregate sum of $1,080, and moved the justice court to transfer the action to Los Angeles County, the county of defendant's residence. The justice denied the motion for change of venue and transferred the case to the Superior Court of Santa Clara County pursuant to section 396 Code of Civil Procedure. Defendant renewed his motion for change of venue in the superior court and his motion was again denied.

The denial of the motions for change of venue to the county of defendant's residence was proper. The complaint, which was verified, alleged that defendant contracted to pay the account sued on in the township of Palo Alto, county of Santa Clara. This allegation in the verified complaint was proper to be considered in opposition to the motion for change of venue (*East-West Dairymen's Assn.* v. *Dias,* 59 Cal.App.2d 437, 441-2 [138 P.2d 772]) and the county where the obligation is to be performed is a proper county for the trial of the action. (Code Civ. Proc., § 395.)

Appellant pleaded a notice of rescission *in haec verba.* No affidavit of denial of this notice was filed and appellant argues that the effect of this was to admit that the contract had been rescinded. The only effect of the failure to file an affidavit of denial pursuant to section 448 Code of Civil Procedure was to admit the ''genuineness and due execution'' of the notice of rescission. There was in no sense, as appellant seems to argue, an admission that the grounds of rescission stated in the notice were true or that the notice had the effect of rescinding the contract. (21 Cal.Jur. 168.)

The complaint alleged that plaintiff was doing business under a fictitious name and had complied with the provisions of section 2466 of the Civil Code. These allegations were attempted to be denied for want of information and belief. The denial in that form was not sufficient and the allegation of compliance with section 2466 Civil Code stood

admitted and did not have to be proved on the trial. (*Goldwater* v. *Oltman,* 210 Cal. 408, 425 [292 P. 624, 71 A.L.R. 871].)

■ The evidence most favorable to respondent, which we must assume that the trial judge believed, is that the driver of the truck asked respondent to replace a motor which was so badly damaged that it could not be salvaged; that the damaged motor was a Mercury motor and because it was impossible to secure another Mercury motor a Ford V-8 motor was installed; that respondent asked for confirmation of the order and was referred by the driver to a Mr. Reilly in the San Francisco office of the Argonne Van & Storage Company; that respondent telephoned to Reilly and Reilly authorized the replacing of the Mercury motor with a Ford V-8 motor and agreed to pay for it; that $80 was paid on account and Reilly gave the respondent a written authorization to deliver the truck to the driver with a receipt for the $80 payment, which order was on the stationery of Argonne Van & Storage Company and signed by Reilly as manager; that appellant Carpenter and Reilly afterwards called on respondent in Palo Alto and appellant introduced Reilly to respondent "as his San Francisco manager"; and that almost two months after the motor was installed appellant sent the purported notice of rescission to respondent which recited "that we hereby rescind that certain contract for the exchange of motors made on April 1, 1943." This notice stated as grounds of rescission "fraud and a failure of consideration" but contained no claim that Reilly was without authority to bind appellant by the contract. The facts above recited are ample to support the trial court's finding against appellant's contention that Reilly was without authority to make the contract binding upon him.

■ The only other claim of appellant is that the trial court arbitrarily foreclosed him from proof of his defense and cross-complaint. The only ruling complained of is the refusal to permit the appellant to testify that when the truck arrived in Santa Barbara the motor installed by respondent had to be replaced. The answer and cross-complaint had alleged that plaintiff had negligently installed a defective motor and a motor not large enough for the truck. Mere proof that the motor had to be replaced in Santa Barbara would not reasonably support an inference that it was defective or inadequate when installed. As the trial judge pointedly said: "How do we know your truck driver took good care of the motor?

You can ruin a good motor in ten minutes if you don't take care of it." There was no offer to prove that the motor when installed was in any way defective and we find no error in the ruling complained of.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.