[Civ. No. 13847.   First Dist., Div. Two.   May 3, 1949.]

C. P. TURNER, Appellant, v. L. M. SIMPSON, Respondent.

Roy A. Sharff and Howard Iverson for Appellant.

George Bouchard for Respondent.

DOOLING, J.—The plaintiff commenced this action for the alleged breach by defendant of a contract for the sale of shares of stock by filing a complaint in the city and county of San Francisco.  Defendant moved for a change of venue to Los Angeles County, supporting his motion by an affidavit alleging that county to be his place of residence. Plaintiff filed an affidavit in opposition to the motion in which he swore that the contract sued upon was made and entered into in San Francisco, plaintiff and defendant both being present in San Francisco at the time the contract was made.   No counterproof of this latter fact was offered.  The trial court granted the motion and plaintiff appeals.

Under Code of Civil Procedure, section 395, "the county . . . in which the contract in fact was entered into . . . shall be a proper county for the trial of an action founded on such obligation. . . ."

■■ The fact entitling a party to try the action in a county other than defendant's residence where the complaint is silent on the subject may be shown by affidavit (*Mills* v. *Dickson*, 129 Cal.App. 728 [19 P.2d 278]) and where it appears that the contract was entered into in the county in which the action was filed plaintiff is entitled to have the action upon it tried there despite defendant's residence in another county (*Peterson* v. *Sherman*, 68 Cal.App.2d 706, 711-712 [157 P.2d 863]; *Carnation Co.* v. *El Rey Cheese Co.*, 88 Cal.App.2d 857 [200 P.2d 19]; *Atwater* v. *Argonne Van & Storage Co.*, 74 Cal.App.2d 410 [168 P.2d 776]).

■ Respondent's claim that the county of defendant's residence is a preferred place of trial and that the court may in its discretion grant the motion for change to that county even where it appears that the contract was entered into or to be performed in the county where the action was commenced is not borne out by the language of Code of Civil Procedure, section 395, which states in the alternative "either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial. . . ."

It appearing without contradiction that the contract was entered into in San Francisco the court erred in granting the change of venue.

The order appealed from is reversed.

Nourse, P. J., and Goodell, J., concurred.