[Civ. No. 5003. Fourth Dist. Nov. 19, 1954.]

ELSINORE UNION ELEMENTARY SCHOOL DISTRICT OF RIVERSIDE COUNTY, Respondent, v. E. J. KAS-TORFF et al., Appellants.

Wallace & Wallace for Appellants.

Ray T. Sullivan, Jr., County Counsel, James H. Angell, Assistant County Counsel, and Leo A. Deegan, Deputy County Counsel, for Respondent.

GRIFFIN, J.—This action was brought by Elsinore Union Elementary School District of Riverside County against E. J. Kastorff and Seaboard Surety Company, a corporation, upon the bid bond of E. J. Kastorff, as principal, and Seaboard Surety Company, as surety. The plaintiff had advertised for bids for the construction of two classroom buildings. On August 12, 1952, Kastorff submitted a bid to plaintiff for the construction of said classrooms, and on that same day defendant Kastorff and Seaboard Surety Company signed a bid bond which accompanied the bid. Kastorff's bid was accepted by plaintiff and he declined to enter into a contract. Thereafter plaintiff filed this action against defendants to recover thereon the sum of $12,906. A motion for change of venue was made by defendants upon the grounds that Seaboard Surety Company had its principal place of business in Los Angeles County but no place of business in Riverside County; that none of the contracts or writings mentioned in the complaint were executed in Riverside County, but were executed in Orange County and Los Angeles County, and the claim is that the proper county for trial of the action was Orange County, the residence of defendant Kastorff.

For the purpose of appeal plaintiff admits that Seaboard's principal place of business was in Los Angeles County; that it had no place of business in Riverside County and that Kastorff was and is a resident of Orange County.

It is plaintiff's position, in support of the order, that the contracts and writings mentioned in its complaint and attached as exhibits thereto, were executed in Riverside County; that the obligation sought to be enforced in the action was incurred and was to be performed in that county; and that therefore it is a proper county for the trial of the action, citing section 395, subdivision (1) of the Code of Civil Procedure, which reads in part:

". . . except as in this section otherwise provided, . . . the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the

county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . .''

The record before the superior court at the time it passed upon the motion for change of venue, included the complaint and certain affidavits in support of and in opposition to the motion, which include the following allegations: that the territory of the school district lies wholly within Riverside County; that the contract sued upon was made in, and by its terms was to be performed in the county of Riverside; that plaintiff advertised for sealed bids to do the work according to plans and specifications on file in that office; that in response thereto defendant Kastorff obtained a specific form of bid from it, filled it out, and signed it in Orange County; that he obtained the necessary and required undertaking from the defendant company in Los Angeles and mailed the two to the Board of Trustees in Elsinore. The bid ''proposal'' recited that ''The undersigned has carefully examined the drawings and read the specifications . . . and . . . hereby agrees to construct'' a building, ready for use, all work shown on the drawings and/or as described in the specifications, for the sum of $89,994. And ''The undersigned further agrees that if he is notified of the acceptance of the proposal within forty-five (45) days from the time set for the opening of the bids, he will execute and deliver to you within five (5) days after having received written notification a contract as called for in the 'Notice to Contractors.' '' And ''further agrees that the enclosed certified or cashier's check or bidder's bond made payable to the Board of Trustees, Elsinore Union Elementary School District, in the amount of 5% . . . shall be forfeited in case he fails to execute and deliver the contract as called for.''

The bidder's bond was purportedly signed by defendant Kastorff as principal, and by defendant Seaboard Surety Company, as surety, on August 12, 1952, and among the usual and required provisions recited that defendants were bound unto the plaintiff, as obligee, in the amount of 5 per cent of the bid, and specifically recited that the ''principal is herewith submitting its proposal for the construction of Classroom

Additions to Elsinore School, Elsinore, California," and that "if the aforesaid principal shall be awarded the contract upon said proposal and shall within the required number of days after the notice of such award enter into a contract and give bond for the faithful performance of the contract, then this obligation shall be null and void; otherwise the principal and surety will pay unto the obligee the difference in money between the amount of the bid of the said principal and the amount for which the obligee may legally contract with another party to perform the said work if the latter amount be in excess of the former; but in no event shall the surety's liability exceed the penal sum hereof."

The district superintendent of the plaintiff district signed an affidavit reciting that on August 12, 1952, the trustees met in Elsinore, opened sealed bids from five different contractors, including the Kastorff bid; that the Kastorff bid was accepted by the board, and that Kastorff was personally present at said meeting and was questioned by the members of the board concerning his bid before it was accepted; and that the acceptance of his bid was "done and completed" in Riverside County.

Defendant Kastorff's affidavit recites that he signed no contract or paper referred to in the complaint in Riverside County but that they were "executed" in Orange County.

The attorney-in-fact for defendant bonding company alleges that the bond was signed by it and "executed" in Los Angeles County; that it entered into no contract with plaintiff in Riverside County; and demanded that the action be transferred to Orange County.

The application for change of venue was denied and defendants contend on appeal that the facts shown by plaintiff do not bring it within the provisions of section 395, subdivision (1) of the Code of Civil Procedure, which would entitle the Riverside court to retain jurisdiction, since it was admitted that defendant Kastorff was and is a resident of Orange County. It is also claimed that the action is one for damages for breach of a contract, and being transitory in nature, it must be tried in the county of defendant's residence; that no place of performance was specified in the bid bond and since it was "executed" in Los Angeles County, the jurisdiction could not properly be retained in Riverside County, and that where a local action is joined with a transitory action defendant has the right to have the cause heard in the county of his residence; that any allegations of the

complaint which vary the terms of the bond, as pleaded, are to be disregarded as surplusage and mere conclusions; that accordingly defendants did not contract to perform an obligation in any particular county; that the obligation, if any, upon the bond was incurred in Los Angeles County and accordingly Riverside County was not a proper county for the trial of the action, citing such cases as *Armstrong* v. *Smith,* 49 Cal.App.2d 528 [122 P.2d 115]; *Lyons* v. *Brunswick-Balke-Collender Co.,* 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173]; *Bybee* v. *Fairchild,* 75 Cal.App.2d 35 [170 P.2d 54]; *Chew* v. *Storrie,* 108 Cal.App. 313 [291 P. 610]; *Taaffe* v. *Bloch,* 127 Cal.App. 678 [16 P.2d 303]; *Bashford* v. *A. Levy & J. Zentner Co.,* 123 Cal.App. 204 [11 P.2d 51]; *Kemper Const. Co.* v. *City of Los Angeles,* 37 Cal.2d 696 [235 P.2d 7]; and *Wilson* v. *Hoffman,* 81 Cal.App.2d 664 [184 P.2d 951].

Assuming the action is one upon the bond, directed against the defendant Kastorff as principal and defendant Seaboard Surety Company as surety, it does affirmatively appear from the record before the trial court that the bond was signed by the surety in Los Angeles, signed by the principal in Orange County, and was not effective and could not be considered "executed" until it was received by the plaintiff and the bid of defendant Kastorff was accepted. The "Notice to Contractors," inviting bids, together with the itemized bid submitted by defendant Kastorff, became a material part of the undertaking. While the undertaking did not specifically prescribe where the money would be made payable, it definitely provided that the principal, Kastorff, was submitting his proposal for the construction of the building at "Elsinore" and if awarded the contract "upon said proposal," and the contract is entered into, after a prescribed period, the bond would be null and void, otherwise, the principal and surety would pay a prescribed amount to the Elsinore Union Elementary School District of Riverside County. The proposal refers to and recites where the work is to be performed and definitely stated that the bidder's bond would be made payable "to the Board of Trustees, Elsinore Union Elementary School District," which admittedly is in Riverside County. The acceptance of the bid and undertaking took place in Riverside County, and the defendant Kastorff was served with written notice of such acceptance and a formal contract was tendered to him. He failed and refused to execute the document. His reasons for so doing

are not indicated in the record. On October 20, 1952, written notice of this fact was given to the defendant surety company, and after publication of notice and receipt of sealed bids, plaintiff entered into a contract with another company for the construction of the same classroom buildings at a cost of $102,900. The loss claimed under the undertaking is $12,906.

Section 1933 of the Code of Civil Procedure provides: "The execution of an instrument is the subscribing and delivering it, with or without affixing a seal."

It therefore appears that Kastorff's written offer or bid was not "executed" merely by his signing it. Likewise, the mere signature on the proposal bond, standing alone, meant nothing to plaintiff. It had no meaning to plaintiff and no obligation arose thereon until the bid was accepted. Delivery of this instrument to plaintiff and acceptance and approval by plaintiff were necessary to give it the legal effect intended by the obligors. That delivery is essential to the valid execution of an undertaking is elementary law. (*Howard Ins. Co. of New York* v. *Silverberg,* [C.C.N.D. Calif.] 89 F. 168, 171.) Section 1626 of the Civil Code provides that a contract in writing takes effect upon its delivery to the party in whose favor it is made, or to his agent.

In *Ivey* v. *Kern County Land Co.,* 115 Cal. 196, 201 [46 P. 926], it is said:

". . . the acceptance and execution of the proposed contract was not complete until such delivery, and the place of delivery, being the place where the last act is performed which is necessary to render the contract obligatory, is the place where the contract is made." (Citing cases.)

The general rule is that where a public body advertises for bids, a good and binding contract is formed when the public body, acting by responsible officers, accepts the written bid of a bidder. The view is almost uniform that a bid submitted to a municipal corporation in response to an advertisement constitutes an irrevocable offer. (*Berkeley Unified Sch. Dist. of Alameda County* v. *James I. Barnes Const. Co.,* 112 F.Supp. 396, 398.) Williston on Contracts, revised edition, section 97, cites the rule to be:

"If the acceptance is made immediately after the offer when the parties are together, no question can arise as to the place of the contract . . . if the acceptance is not made simultaneously with the offer, and is made in a different place, the universal principle disposing of this and any similar

question is that the place of the contract is the place where the last act necessary to the completion of the contract was done,—that is, where the contract first creates a legal obligation.''

 Obviously, the act which brought the obligation here involved into being was the act by which plaintiff, acting through its board of trustees, unconditionally signified its acceptance of Kastorff's proposal. Necessarily involved in that act was the tacit approval and acceptance of the proposal bond. The important point is that in Riverside County, at the time and place of plaintiff's act of acceptance, the defendants incurred an obligation on the proposal bond. (*Turner v. Simpson*, 91 Cal.App.2d 590 [205 P.2d 423].)

There appears to be no material variance between the allegations of the complaint and the exhibits referred to therein. The cases relied upon by defendants in support of their several claims are factually distinguishable. It can be reasonably said that the showing made by plaintiff brought it within the exceptions noted in section 395, subdivision (1) of the Code of Civil Procedure which would entitle it to bring the action in Riverside County.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 12, 1955.