[Civ. No. 9292. Third Dist. Jan. 6, 1958.]

JESS STANNING, Appellant, v. ALICE WHITE et al., Respondents.

Winslow Christian for Appellant.

Berliner & Wetherall and Carr, McClellan, Ingersoll & Thompson for Respondents.

WARNE, J. pro tem.*—This is an appeal from an order granting a motion for change of venue.

Plaintiff brought suit in the Superior Court of Sierra County against defendants to recover damages for their alleged breach of a written contract to buy Christmas trees.

The complaint alleged that the contract was entered into in Sierraville, Sierra County. Defendants filed an answer wherein they admit that the contract was made in Sierra County, and then moved for a change of venue on the sole ground that some of the parties were residents of San Mateo County. Affidavits were filed in support of the motion. No counteraffidavits were filed. The motion was granted and the action was ordered transferred to the Superior Court of San Mateo County. The minute order found in the clerk's transcript states that the motion was granted "on ground of convenience of witnesses." However, the written order later signed and filed omitted any reference as to the reason for granting the motion.

Defendants contend that the action was brought in the proper county since it is based upon a written contract admittedly entered into in the County of Sierra and that the court had power under the circumstances presented to change the place of trial on the ground of convenience of witnesses.

Section 395 of the Code of Civil Procedure provides in part: ". . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract was in fact entered into, or the county in which the defendant,

---

*Assigned by Chairman of Judicial Council.

or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of the action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.''

In *Turner* v. *Simpson,* 91 Cal.App.2d 590, 591 [205 P.2d 423], the court said:

''. . . [W]here it appears that the contract was entered into in the county in which the action was filed plaintiff is entitled to have the action upon it tried there despite defendant's residence in another county.''

And in *Dawson* v. *Goff,* 43 Cal.2d 310, 315 [273 P.2d 1], the court, in passing upon a question of venue where a contract was involved, said:

''The counties in which an action on the contract may be tried are two, that of defendant's residence or where the contract is made, unless there is a special contract in writing to the contrary.   [Citing cases.]''

It follows that when a plaintiff in an action on a contract has brought himself within one of the alternatives provided in section 395  of the Code of Civil Procedure, the defendant may not, on the ground of residence alone, have the case transferred to the county in which he resided at the commencement of the action.  Since it appears, without contradiction, that the contract was executed in, and the obligations under it were incurred in Sierra County, the trial court erred in granting the motion.

Further, convenience of witnesses who are parties (in the absence of unusual circumstances) cannot be considered on such a motion.  (*Carnation Co.* v. *El Rey Cheese Co.,* 92 Cal.App.2d 726, 728 [208 P.2d 63] ; *Wrin* v. *Ohlandt,* 213 Cal. 158 [1 P.2d 991] ; *Di Giorgio Fruit Corp.* v. *Zachary,* 60 Cal.App.2d 560 [148 P.2d 8] ; *Rios* v. *Lacey Trucking Co.,* 123 Cal.App.2d 865 [268 P.2d 160].)

The order appealed from is reversed.

Van Dyke, P. J., and Peek, J., concurred.