[Civ. No. 25466. Second Dist., Div. Two. Nov. 24, 1961.]

H. J. RICHARDSON, Plaintiff and Appellant, v. LE ROY ROSE et al., Defendants and Respondents.

Lawrence E. Silverton and Justin Graf for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

HERNDON, J.—Plaintiff appeals from an order granting defendants' motion for change of venue. ██ Since no respondents' brief has been filed, we have followed the procedure set forth in rule 17(b) of the Rules on Appeal. " 'Under the provisions of that rule we are entitled to accept as true the statement of facts in the opening brief. We are under no duty to seek out points of law in support of the judgment. . . .' (*Postin* v. *Griggs,* 66 Cal.App.2d 147, 148 [151 P.2d 887]; *Brunscher* v. *Reagh,* 164 Cal.App.2d 174, 175 [330 P.2d 396].) However, this does not mean that reversal is automatic, since the burden remains on the appellant to show error. The court must examine the points raised by the appellant to see if a reversal is merited. (*Perfection Paint Products* v. *Johnson,* 164 Cal.App.2d 739, 740 [330 P.2d 829]; see generally 4 Cal.Jur.2d, Appeal and Error, § 496.)" (*Evans* v. *Evans,* 185 Cal.App.2d 566, 569 [8 Cal.Rptr. 412].)

Plaintiff commenced this action in the Superior Court of Los Angeles County to recover a broker's commission pursuant to the terms of a written agreement, a copy of which is attached to the complaint as an exhibit. By the terms of the agreement, defendants authorized plaintiff to act as their exclusive agent for a ten-day period to procure for them a loan of $50,000 on specified terms and promised to pay him a commission of $5,000 in the event he succeeded in negotiating the loan on the indicated terms within the allowed time.

Defendants signed the agreement in Orange County and thereafter sent it by messenger to plaintiff at his office in Los Angeles County, where he received it and undertook performance by seeking a lender. Plaintiff alleges that within the allowed time he found a lender in the City of Los Angeles ready, willing and able to make the indicated loan, but that defendants refused to accept it or to pay the agreed commission.

 Defendants' notice of motion for the order transferring the cause from Los Angeles County to Orange County stated the grounds of the motion in the following language: "Said motion will be made on the grounds, each and all, that at the commencement of this action, defendants were and at all times subsequent thereto have been and now are residents of the County of Orange, and that the alleged contract which is the basis of this action was made in the County of Orange, State of California and that the Superior Court, Orange County, State of California is the proper court for the trial of this cause."

An affidavit of merits signed by the individual defendant was filed with the notice of motion; so far as material it reads as follows: "I further state that at the time of the commencement of this action I resided in the County of Orange, and continued to reside within said County to the present time and that Miroca Corporation is a corporation with its principal place of business in the County of Orange. I further state that the purported contract and all acts between defendants and the plaintiff on which this action is founded, were in fact entered into and concluded at and within the County of Orange, at the office of defendant, Miroca Corporation, located in Garden Grove, California."

As we shall demonstrate, the last-quoted sentence from the affidavit is a statement of a conclusion, the falsity of which is conclusively shown by undisputed evidentiary matter submitted in opposition to the motion. In such circumstances, the statement of a legal conclusion in support of a motion is ineffective, and provides no sufficient support for an order granting the motion. (*Ward Mfg. Co.* v. *Miley,* 131 Cal.App. 2d 603, 609 [281 P.2d 343]; *McDuffie* v. *California Tehama Land Corp.,* 138 Cal.App. 245, 250-251 [32 P.2d 385].)

It is significant that in the statement of the grounds of the motion, nothing was said with reference to the county in which the contract was to be performed or in which it was in fact performed. The affidavit of merits was also silent on the subject. Plaintiff filed an affidavit in opposition to the motion which stated evidentiary facts showing that the contract was delivered, accepted, and performed in Los Angeles County. The record indicates that the following averments of plaintiff's affidavit were uncontradicted:

"On December 12, 1960, in Orange County, Defendants LeRoy Rose and Miroca Corporation did sign the contract upon which Plaintiff sues, which contract is attached to the

Complaint and marked Exhibit 'A.' This contract was then dispatched by messenger from LeRoy Rose to me at my office at 1147 South Robertson Boulevard, Los Angeles, California, where I accepted the contract in Los Angeles County. I commenced my work as agent for Mr. Rose in Los Angeles County, and secured a lender located in said city. A few days after December 12, 1960, I obtained the lender and, on behalf of the principals to said transaction, I caused an escrow to be opened in the City National Bank of Beverly Hills, all within Los Angeles County. Contrary to the allegations of the affidavit of Defendant LeRoy Rose, my acceptance of this agreement and all performance thereunder was done and performed in Los Angeles County.''

The proper venue of a contract action is governed by section 395, subdivision (1) of the Code of Civil Procedure, which reads, in part, as follows: ''When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.''

In *Turner* v. *Simpson*, 91 Cal.App.2d 590 [205 P.2d 403], the contract was entered into in San Francisco, and the action thereon was brought there. The trial court granted defendant's motion for a change of venue to Los Angeles County, the county of defendant's residence. In reversing the order, the appellate court said:

''Respondent's claim that the county of defendant's residence is a preferred place of trial and that the court may in its discretion grant the motion for change to that county even where it appears that the contract was entered into or to be performed in the county where the action was commenced is not borne out by the language of Code of Civil Procedure, Section 395, which states in the alternative 'either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial. . . .' '' (P. 591.)

■ It is well settled that where an action on a contract is brought in the county in which the contract was entered into, plaintiff is entitled to have the action tried there despite defendant's residence in another county. (*Stanning* v. *White,* 156 Cal.App.2d 547, 549 [319 P.2d 648] ; *Turner* v. *Simpson, supra,* 91 Cal.App.2d 590, 591.)

■ A loan broker's listing agreement, by the terms of which the borrower agrees to pay the broker's commission in the event that the broker procures a ready, willing and able lender within the listing period, constitutes a unilateral contract. (*Tetrick* v. *Sloan,* 170 Cal.App.2d 540, 546-547 [339 P.2d 613] ; *Baumgartner* v. *Meek,* 126 Cal.App.2d 505, 508-509 [272 P.2d 552].) The two decisions last cited discuss the characteristics of various types of brokerage listings. Under the definitions set forth in said decisions, it is clear that the agreement sued upon in the instant case is properly classified as a unilateral contract. ■ A unilateral contract is accepted by performance. (*Davis* v. *Jacoby,* 1 Cal.2d 370, 378 [34 P.2d 1026].)

■ As we have shown, the present record contains uncontradicted evidence which establishes that after the listing agreement had been signed by defendants, it was delivered to plaintiff in Los Angeles County where he accepted it by performance. ■ A contract is deemed made when the last act required to make the contract obligatory is performed. (*Johnson* v. *Banta,* 87 Cal.App.2d 907, 909 [198 P.2d 100] ; *Elsinore Union etc. Sch. Dist.* v. *Kastorff,* 129 Cal.App.2d 60, 65 [276 P.2d 112].)

In *Elsinore Union etc. Sch. Dist.* v. *Kastorff, supra,* 129 Cal. App.2d 60, the plaintiff school district, located in Riverside County, advertised for bids for the construction of a school. Defendant, a contractor, filled out a bid and signed it in Orange County. Thereafter, plaintiff in Riverside County, at a meeting of its board, opened defendant's bid and accepted it at that time and place. In affirming an order denying defendant's motion for a change of venue from Riverside to Orange County, the court stated: "That delivery is essential to the valid execution of an undertaking is elementary law. (*Howard Ins. Co. of New York* v. *Silverberg* (C.C.N.D. Calif.) 89 F. 168, 171.) Section 1626 of the Civil Code provides that a contract in writing takes effect upon its delivery to the party in whose favor it is made, or to his agent." (P. 65.)

 establish as a matter of law that the unilateral contract here sued upon was entered into and wholly performed in Los Angeles County.

The order appealed from is reversed.

Fox, P. J., and Ashburn, J., concurred.