Ute Creek Ranch Co. v. McBride, 20 N. M. 377.

[No. 1689, May 24, 1915.]

UTE CREEK RANCH CO. et al. v. McBRIDE, County
Treasurer.

## SYLLABUS BY THE COURT.

Where a class of taxpayers are willfully and intentionally
discriminated against, not by overvaluation of their prop-
erty, but by undervaluation of the property of other tax-
payers, and where they have no adequate legal or statutory
remedy, they may be relieved in equity from the discrimina-
tory portion of such tax.

P. 379

Appeal from District Court, Colfax County; T. D. Lieb,
Judge.

Injunction by the Ute Creek Ranch Company and others
against Thomas McBride, Treasurer of Colfax County.
From a judgment for plaintiffs, defendant appeals. Af-
firmed.

FRANK W. CLANCY, Attorney General, and IRA L.
GRIMSHAW, Assistant Attorney General, for the State.

E. C. CRAMPTON and O. L. PHILLIPS, both of Raton,
and CHAS. A. SPIESS of Las Vegas, for appellees.

## OPINION OF THE COURT.

PARKER, J.—This is an injunction proceeding
brought by the plaintiffs below, appellees here, against the
treasurer of Colfax county to enjoin the collection of an
alleged illegal tax. The complaint alleges that the board
of county commissioners and assessors of Colfax county
classified and fixed the value upon grazing lands in said
county under and in pursuance of chapter 124, Laws of
1909; that thereafter the state board of equalization fixed
the valuation of grazing lands in Colfax county at 75
cents per acre; and that it fixed the valuation of grazing
lands of equal value with the grazing lands of Colfax

county at 60 cents per acre in 10 of the other counties of the state, and at 50 cents per acre in 7 of the other counties of the state; and at 40 cents per acre in six of the other counties of the state; and that said action of the state board of equalization compelled plaintiffs to pay a larger tax in proportion to the value of their property than others who had taxable property in the same county were required to pay, and required them to pay a larger tax in proportion to the value of their property than others owning the same kind of property in the other counties of the state were required to pay; and that said action by the state board of equalization was an arbitrary, willful, and intentional usurpation of power, designed intentionally to discriminate against the taxpayers of Colfax county owning property of this kind, including the plaintiffs; that the plaintiffs have paid the amount of taxes due upon their said real estate at the valuation of 40 cents per acre, as fixed by the assessor and board of county commissioners, but have refused to pay the increase of tax caused by the raising of the valuation of said lands from 40 cents to 75 cents per acre by the state board of equalization; that the defendant, as treasurer of Colfax county, has placed on the said tax rolls the increase in the valuation of said grazing lands belonging to plaintiffs in accordance with the order of the state board of equalization, and has extended the taxes on such rolls in accordance with such valuation, and that he gives out and threatens that he will proceed to collect the amount of taxes claimed to be due upon such valuation of said property. The complaint contains a further allegation as to the necessity of equitable interference on the ground that the said tax proceedings have created a lien upon the real estate of plaintiffs, and that an injunction is necessary in order to avoid the necessity of a multiplicity of suits by plaintiffs to recover said taxes if they shall be so collected from them. The complaint sets out the order of the state board of equalization, which is a general order, fixing the valuation of grazing lands in the various counties of the state, and ordering the treasurers of the respective coun-

ties to extend the taxes on the tax roll in accordance with such valuation.

A demurrer was interposed to the complaint, which set up, among other things, that the complaint failed to state a cause of action for the reason that it contained no allegations as to the actual value of the plaintiff's grazing lands, and that therefore they could not complain of the tax; it not being shown that they were assessed upon a valuation in excess of the actual value of the lands. The demurrer was overruled, and the defendant elected to stand upon the same, and refused to plead further. Thereupon the court awarded a permanent injunction against the collection of the alleged excessive taxes. In this the court was correct. It is to be observed in this connection that the action of the state board of equalization which affected the plaintiffs in this case was taken in the exercise of its powers as a board of equalization. The state board had no original assessing power in connection with lands in this state. The plaintiffs in this case had no notice of any proposed action by the state board of equalization until the action of which they complain had been taken. In this particular this case differs from the case of the First National Bank of Raton et al. v. Thos McBride, Treasurer, etc., 149 Pac. 353, just decided. In that case the subject-matter was within the original assessing power of the state board of equalization, of which all banking institutions must take notice. As we held in South Spring Ranch & Cattle Co. v. State Board of Equalization, 18 N. M. 531, 139 Pac. 159, the law creating the territorial board of equalization, to whose powers the state board of equalization succeeded, is notice to the taxpayers and due process of law in tax proceedings, but that it is no notice to the taxpayer that the state board will impose upon him a valuation which will amount to an illegal assessment. We said:

> "The notice of the statute is notice that the state board may do legal things, but not illegal things. * * * This notice, while it is due process of law in the tax proceedings, is not intended to be actual notice. But it is sufficient notice

to all who are not wronged; it is no notice to those who are wronged by the imposition of an illegal tax."

We have then a case, according to the facts pleaded in the complaint, where there has been an intentional and willful discrimination by the state board of equalization against the taxpayers of Colfax county, owning grazing lands, although there is no allegation in the complaint that the plaintiffs are taxed more than the actual value of their property. The complaint is against discrimination, not against overvaluation.

We have carefully examined this question, and in an opinion in the First National Bank of Raton Case, supra, have announced the views of the court, and they need no further discussion in this case. The doctrine announced in that case is that, notwithstanding a taxpayer is not taxed as much as he might and ought to be under the law, nevertheless if by a system of discrimination he is taxed higher than others similarly situated, he is entitled to equitable relief against the discriminatory portion of the tax laid upon him, provided he has no adequate legal or statutory remedy against the injustice. In this case it is apparent that these plaintiffs had no legal or statutory remedy, they having no notice of the proposed action of the state board of equalization, and no notice of the action until after the alleged injury had been inflicted.

In this connection, we cannot refrain from stating that we regard it as unfortunate that this case comes to us on complaint and demurrer. It is impossible for us to conceive that the action of the state board was taken as a result of willful and deliberate discrimination against the taxpayers of Colfax county. It is much more within the domain of reasonable probability that the discrimination complained of, if it in fact exists, was the result of error of judgment on the part of the state board.

It is apparent from what has been said that the judgment of the lower court was correct, and should be affirmed; and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.