Bond-Dillon Co. v. Matson, 27 N. M. 85.

---

[No. 2544.  Feb. 25, 1921.]

## BOND-DILLON CO. v. MATSON, Treasurer, et al.

### SYLLABUS BY THE COURT.

1.  Where it appears from the complaint of a taxpayer, seeking relief from excessive valuation of his property on the ground that an injustice has been done him under section 5475, Code 1915, that plaintiff has returned his property for taxation, that the assessor has valued it at $139,000, which valuation has been reduced to $100,000 by the board of county commissioners sitting as a board of equalization, and again raised to $139,000 by the State Tax Commission, after notice and hearing in each instance of increase or reduction, the district court cannot assess said property, substituting its judgment for that of the duly constituted taxing authorities as to the value of the plaintiff's property, and, independently and in disregard of said taxing authorities, fix the value of plaintiff's property for taxation.                    P. 89

2.  The phrases in the statute, "any errors of other kinds by which an injustice would be done any taxpayer," and "any taxpayer complaining of such injustice may submit his complaint," etc., do not mean such alleged "injustice" as the taxpayer maintains was done him in the alleged overvaluation of his property after its value for assessment and taxation has been fixed upon notice and hearing by the duly constituted taxing authorities, but referred only to errors appearing in the assessment book by which injustice is done the taxpayer.                    P. 95

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by the Bond-Dillon Company against O. A. Matson, treasurer, and another.  Judgment for

plaintiff on demurrer, and defendants appeal. Reversed and remanded, with instructions.

John Venable, of Albuquerque, for appellants.

The general rule is that if one fails to follow the remedies provided by statute for review for an erroneous assessment of taxes, he can have no remedy in the courts unless the defect is jurisdictional. Cooley, vol. 2, page 1387, 3rd Edition.

Altschul v. Gittings, 80 Fed. Rep. 200; Price v. Kramer, 4 Colo. 546; Barnett v. Jaynes, 26 Colo. 279; Peninsular Iron, etc., Co. v. Crystal Falls T'p, 60 Mich. 510; Meade v. Haines, 81 Mich. 261.

The statutory remedy is exclusive. It is supposed to be adequate to all the requirements of justice, and it is a person's own folly if he fails to avail himself of it. Cooley on Taxation, vol. 2, page 1389, 3rd Edition.

Emery v. Bradford, 29 Cal. pp. 85-87; Republican Life Insurance Co. v. Pollak, 75 Ill. 292; Chicago, etc., R. Co. v. Cole, 75 Ill. 591; Patterson v. Baumer, 43 Iowa 477.

The remedies provided by statute for the relief of the tax payer from injustice in his assessments are special proceedings provided by law for such relief. and the taxpayer must follow the course provided by statute for his relief before the court can acquire jurisdiction of the subject-matter under the statute. Cooley on Taxation, vol. 2, Third Edition 1379.

State v. Bishop, 34 N. J. L. 45; State v. Parker, 34 N. J. L. 49; Parsons v. Durham, 70 N. H. 44; page 1079, vol. 37 of Cyc.

For excessive assessments where fraud is not charged there can, generally speaking, be no relief in equity. The remedy must be such as the statute has given.

Hazard v. O'Bannon, 38 Fed. Rep. 220; Washington Market Co. v. District of Columbia, 4 Mackey 416; New York & C. G., etc., Exchange v. Gleason,

121 Ill. 502.; People v. Ashley. Lots, 122 Ill. 279; La Salle & P. H. & D. R. G. Co. v. Donoghue, 127 Ill. 27.

The judgment of the State Tax Commission in such cases is conclusive if they keep within their jurisdiction, although, if fraud is charged, there may be a remedy in equity. Cooley, vol. 2, pages 1382-1385, 3rd Edition.

Central Pac. R. Co. v. Placer County, 43 Cal. 365; People v. Ashley, 46 Cal. 523; People v. San Francisco Supervisors, 50 Cal. 228; Farmers' & M. Bank v. Board of Equal., 97 Cal. 318; Girvin v. Simon, 116 Cal. 604; Ottawa Glass Co. v. McCaleb, 81 Ill. 556; Union Trust Co. v. Weber, ·96 Ill. 346; East St. Louis Connecting R. Co. v. People, 119 Ill. 182; Illinois & St. I. R. & C. Co. v. Stookey, 122 Ill. 358; 133 Ind. 513; Ward v. Beale, 91 Ky. 60; Bath v. Whitmore, 79 Me. 182; McDonald v. Escanaba, 62 Mich. 555; State v. Hynes, 82 Minn. 34.

The mode of reasoning by which assessing boards have reached their conclusions is not reviewable by the courts. Republic Life Insurance Co. v. Pollak, 75 Ill. 292; People v. Big Muddy and Iron Co., 89 Ill. 116; English v. The People, 96 Ill. 556; The New York & C. Grain and Stock Exchange v. Gleason, 121 Ill. 502.

Laurence F. Lee, of Albuquerque, for appellee.

The authority to grant relief from unjust and unconscionable assessments is not exclusive to the taxing boards or commissions. Section 5475, of the 1915 Code.

This statute and this portion of the statute is in full force and effect. The tax law of 1917 and 1919 in no way abrogated this portion of the statute, which fact is recognized by the provision in Section 2, Chapter 101 of the Laws of 1919, where the right of an appeal is granted from the district court to the Supreme Court in actions instituted under this section. As is known, it was formerly held by this court that there was no right of appeal from a de-

cision of the district court upon a proceeding instituted under Section 5475. Those decisions themselves recognize the right of an aggrieved taxpayer to proceed in the district court; then the 1919 Law recognized this right and the necessity of an appeal and passed Chapter 101 of the 1919 Laws in order to grant.

In cases appellants cite constitutional provisions took matters out of jurisdiction of courts.

### OPINION OF THE COURT.

RAYNOLDS, J. This is an appeal by O. A. Matson, treasurer and ex officio collector of Bernalillo county, and the State Tax Commission, from an order overruling defendant's demurrer and a judgment of the district court of Bernalillo county abating and canceling certain taxes of the appellee for the year 1919. The appellee filed its complaint in the district court of Bernalillo county against said Matson on January 21, 1920, alleging, among other things, that it was engaged in the wholesale grocery business throughout the years 1918 and 1919; was the owner of certain personal property consisting principally of its stock of groceries; that it had returned all of said personal property in accordance with law for taxation in Bernalillo county, but that subsequently the assessor of said county assessed appellee's personal property for taxation at a valuation greatly in excess of its true value; that appellee appealed to the board of county commissioners of said county as a board of equalization, asking that the assessment be reduced, which relief the board granted. The complaint further stated that the appeal was taken from this action of the board of county commissioners, acting as a board of equalization, to the State Tax Commission, and that the State Tax Commission reversed the action of the board of equalization of the county and assessed appellee's property at the value of $139,000, which

is the same valuation as appears on the books of the county treasurer. Appellee alleged:

"That the value of all property owned by it during 1919, as fixed as is in such cases provided by law, is $100,000, and that the assessment appearing on the books of the treasurer for 1919 as $139,000 is excessive and unjust."

The appellee further alleged in its complaint that it paid on account of the 1919 taxes the sum of $2,000, being the first half of the amount due on a valuation of $100,000, and it prayed judgment that the assessment of its property for the year 1919 be fixed at $100,000; that the amount of the assessment in addition thereto be canceled as illegal and void; and that the treasurer be ordered to correct the tax rolls of the county in accordance with such judgment.

To this complaint, the appellant, treasurer, demurred on various grounds, among which were that the complaint filed herein does not state facts sufficient to constitute a cause of action under the laws of the State of New Mexico; and that under the laws of the State of New Mexico the court is without jurisdiction to hear the complaint of the plaintiff. The demurrer was overruled. The defendant, appellant, refusing to plead further, the case went to trial before the court upon the complaint and evidence submitted. After hearing the evidence the court rendered judgment granting the relief asked for by the appellee, to which order and judgment defendant objected and excepted, prayed and was granted an appeal to this court.

[1] The sole question raised in this case is whether or not the district court had jurisdiction in a case of this kind. It appears that the only ground for relief was an alleged excessive valuation of the stock which the appellee had on hand. The appellee had returned his property at the valuation of $100,-000. The assessor had raised the valuation of his stock to $139,000. The board of county commis-

sioners, sitting as a board of equalization, had reduced it to $100,000. On appeal, the State Commission had again raised it to $139,000. Suit was instituted in the district court, and the court below, after hearing the evidence, again reduced the assessment to $100,000. No fraud, discrimination, oppression, illegality, or other ground for equitable relief is urged; the sole proposition being that the assessor and the State Tax Commission valued appellee's property at an excessive amount and at a greater value than the appellee itself had returned it for taxation, and "that the value of all the property owned by it during 1919, as fixed as is in such cases provided by law, is $100,000, and that the assessment appearing on the books of the treasurer of said county for 1919 is excessive and unjust."

The general principles involved and the jurisdiction of the courts in matter of this kind are stated by Cooley as follows:

"The courts either of common law or of equity are powerless to give relief against erroneous judgments of assessing bodies, except as they may be especially empowered by law to do so. This principle is applicable to statutory boards of equalization which are only assessing boards with certain appellate powers, but whose action, if they keep within their jurisdiction, is conclusive except as otherwise provided by law." Cooley on Taxation (3d Ed.) vol. 2, p. 1382.

This suit is brought under Code 1915, § 5475. The part of said section which is material to this case is as follows:

"If the treasurer shall discover any errors of other kinds in said assessment book by which any injustice would be done to any taxpayer, it shall be his duty to report the same to the district attorney, and any taxpayer complaining of any such injustice may submit his complaint to the district attorney; and if the district attorney is satisfied that correction or change should be made so as to avoid injustice to the taxpayer, it shall be his duty to submit the matter to the district court and ask for an order of that court that such change or correction should be made, without cost to the taxpayer injuriously affected."

The appellee, in support of the jurisdiction of the court in a case of this kind, cites and relies upon the case of South Spring Ranch Co. v. Board of Equalization, 18 N. M. 531, at page 569, 139 Pac. 159, at page 173, where the court refers to this statute, namely, Laws 1913, c. 84, § 23, being Code 1915, § 5475, where the following language is used:

"The word 'injustice' would seem to be the broadest term which the Legislature could have employed in this connection. Any case of overvaluation of the property of the taxpayer would seem clearly to be an injustice within the meaning of the act. It is to be further noticed that an injustice which is discovered after the tax rolls come into the hands of the collector is to be relieved against, under the terms of the section. Therefore, it would seem clear that the fact that the state board had increased the assessed valuation of property of any particular class would not deprive any taxpayer in that class from seeking the relief provided for. In other words, the action of the State Board of Equalization is not final as against the claims of any taxpayer in the state. The section requires the taxpayer to submit any claim of injustice to the district attorney of the proper county, and if the district attorney is satisfied that injustice has been done to the taxpayer, it is his duty to submit the matter to the district court and ask for an order correcting the injustice without cost to the taxpayer. In this way relief is afforded to each individual taxpayer, without any cost or expense to him. If he can show that, by reason of the action taken by the state board, he is compelled to pay taxes upon more than one-third of the actual value of his property, it is to be assumed that the district attorney will promptly present the matter to the district court and secure the relief to which the taxpayer is entitled. It is true that the section provides that the district attorney must be satisfied of the injustice before he will be required to make application to the district court. This provision may make the district attorney one of the taxing officers of the state, and there seems to be no appeal from his refusal to present the complaint of the taxpayer to the district court. It does not follow, however, that his judgment upon the matter is necessarily final. To tax the citizen on more than one-third of the actual value of his property is illegal, under the taxing laws of this state. If it is illegal, and the taxpayer resorts to all the means provided by law to correct the injustice, it would seem that the courts necessarily still remain open to him for redress. The taxpayer who has been wronged by overvaluation of his property, and who has had no notice of the action which results in injury, and who has applied to the district attorney for

relief without avail, certainly has the right to relief in the courts. If the taxpayer presents to the district attorney substantial evidence of the injustice complained of, and the district attorney refuses to act, his arbitrary refusal to submit the matter to the court would amount to legal fraud. This would bring the taxpayer clearly within the right to equitable relief against the excessive portion of the tax. 37 Cyc. 1263; 2 Cooley on Taxation (3d Ed.) 1459; Merrill v. Humphrey; 24 Mich. 170; County of Cochise v. Copper Queen, etc., Co., 8 Ariz. 221, 71 Pac. 946; Gove v. Tacoma, 26 Wash. 474, 67 Pac. 261."

The question involved in this case came before the court on certiorari challenging the jurisdiction of the State Board of Equalization to equalize by classes throughout the state, both between the classes of property in the same county and between counties throughout the state, and the right of the individual taxpayer in cases of excessive assessments was not involved. What was said in regard to the individual taxpayer was by way of explanation and illustration to meet the contention advanced that the action of the State Board was a denial of due process of law to the taxpayer. This appears from the language of the court on page 570 of 18 N. M., on page 173 of 139 Pac:

"It is not our purpose to discuss critically or in detail in this case the remedies of taxpayers against unequal or excessive assessments, because the question is not involved and cannot be decided. What has been said is for the purpose of demonstrating that the argument offered against the action of the state board is not well founded."

Again on page 572 of 18 N. M., on page 174 of 139 Pac.:

"The power to deal with individuals would seem to be conferred exclusively on the county taxing officers by the various provisions of the statute, except in cases of direct appeal to the State Board. But we cannot decide this question because it is not involved. We simply decide that petitioners are not in a position to raise the question."

In the case of Ute Creek Ranch Co. v. McBride, 20 N. M. 377, at page 380, 150 Pac. 52, at page 53, discrimination against the taxpayer is admitted by

the pleadings, and it is further admitted that the taxpayer was without legal remedy, having no notice of the increase in his assessment, as shown by the following quotation:

"In this case it is apparent that these plaintiffs had no legal or statutory remedy, they having no notice of the proposed action of the State Board of Equalization, and no notice of the action until after the alleged injury had been inflicted."

In State v. Superior Lumber & Mill Co., 23 N. M. 606, at 613, 170 Pac. 58, overvaluation of the taxpayer's property is admitted by the pleadings, and the case of South Springs Ranch Co. v. Board of Equalization, supra, is followed. In State v. Superior Lumber & Mill Co. the court denied the state the right to collect taxes in excess of the value at which plaintiff had returned his property. The language used in the opinion at page 609 of 23 N. M., at page 59 of 170 Pac., shows conclusively that no notice or opportunity to be heard upon this change or increase was given the taxpayer, and the case differs materially from the present one. In the present case it is admitted by the pleadings that all the steps which are alleged in the complaint have been taken by the appellee to correct his assessment. The contention is made that when such steps have been taken, even though it is admitted that the valuation of the property is excessive, nevertheless the court is without power to give the plaintiff relief. This particular point was not raised or passed upon in any of the previous cases. It involves the construction of this statute and the question as to whether or not the district court can substitute its judgment as to the valuation of property for the judgment of the duly constituted taxing authorities. When the question of the value of plaintiff's property has been determined adversely to him by the assessor and the State Tax Commission and in his favor by the board of county commissioners as a board of equalization, after notice and hearing at

each of the proceedings, can he then ask relief of the district court and have it determine, as an original matter of fact, the value of his property for taxation?

We are of the opinion that the jurisdiction of the district court under the above statute does not extend to cases of this kind. The court could, as in the Superior Lumber Mill Case, deny the state the right to collect taxes on a valuation admitted to be excessive where the overvaluation was not discovered until after the tax rolls had come into the hands of the collector and it appeared that the valuation had been fixed without notice or hearing by the taxing authorities. It could, as in the case of State v. McBride, supra, restrain the action of the taxing authorities in case where discrimination against taxpayers is admitted; but in our opinion it could not set aside the findings of the assessor and the State Tax Commission and independently determine that their decisions in matters of fact were wrong and fix the value of a taxpayer's property after that matter, upon hearing, had been determined by the taxing authorities. In other words, the district court does not make assessments and fix values as was done in this case. Not only was the value of the appellee's property fixed by the court at certain value, but the determination of that question by the taxing authorities was in effect set aside and held for naught, and the treasurer was ordered to correct his books and receive only the amount due as taxes without interest or penalties on the valuation fixed by the court.

There is language used in the case of State v. Superior Lumber & Mill Co., 23 N. M. 606, 170 Pac. 58, which would seem to imply that the taxpayer may have relief from any injustice discovered on the assessment book after it comes into the hands of the collector, but that case is distinguished from the present one as hereinbefore pointed out. It cannot

be successfully maintained that the Legislature, after providing an elaborate system of assessment and the ascertainment upon notice and hearing of property values, intended by this statute to leave to the judgment of the district and Supreme Courts the final determination of whether or not an injustice in the broad sense of the term had been done the taxpayer and to grant him relief if the court should find such injustice had been done. The injustice for which the taxpayer is entitled to relief is not an injustice caused by errors of judgment of the taxing authorities in fixing an alleged overvaluation on his property when, as here, he has had notice and a hearing on the question of the determination of the value of said property.

[2] The taxpayer is entitled to relief in equity on a proper showing, but the injustice for which the statute is intended to give relief is, by its terms, such injustice as is caused by any errors of other kinds (other than the obvious clerical ones) discovered by the treasurer or taxpayer in said assessment book and does not contemplate such overvaluation as is alleged as a ground for relief in this case. The statute is intended to protect the treasurer and give him certain powers over the assessment books when they come into his hands. Errors appearing thereon which work injustice are to be corrected, but the power of the treasurer and the courts under this statute does not extend to the overturning, correcting, or modifying every action or step taken by the taxing authorities in the assessment and collection of taxes and substituting the judgment of the courts for that of the taxing authorities in all questions of fact, law, and policy in regard to taxation.

For reasons above set forth, the case is reversed and remanded, with instructions to sustain the demurrer and dismiss the complaint, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.