[No. 2543.   July 23, 1921.]

## RAABE & MAUGER v. STATE TAX COMMISSION.

### SYLLABUS BY THE COURT.

The district court cannot, under Code 1915, §5475, abate the taxes of a taxpayer and reduce his assessment, where the only question involved is discrimination on account of

excessive valuation alleged by the petitioner to have been placed upon his property by the taxing authorities. Bond-Dillon Co. v. Matson, 27 N. M. 85, 196 Pac. 323, and First State Bank of Bernalillo v. State, 27 N. M. 78, 196 Pac. 743, followed.

Appeal from District Court, Bernalillo County; Hickey, Judge.

In the matter of the taxes of Raabe & Mauger for the year 1919. On petition of the taxpayer, the taxes were abated, and the State Tax Commission appeals. Reversed and remanded, with directions to dismiss petition.

John Venable, of Albuquerque, for appellant.

Simms & Botts, of Albuquerque, for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J. This is an appeal by the State Tax Commission from a judgment of the district court of Bernalillo county abating the taxes of appellee for the year 1919 in the amount of $551.47 and reducing the value fixed upon their stock of merchandise by the State Tax Commission in the sum of $14,000.

Appellant filed a petition June 19, 1920, in the district court of Bernalillo county, alleging:

"That their property as it appeared upon the tax rolls of said county for the year 1919, was merchandise $30,000, fixtures $15,000, raised by the State Tax Commission $14,000; and that the raise by the State Tax Commission of $14,000 is unjust and without warrant of law, in view of the facts is excessive, and if allowed to stand will force petitioner to pay and bear an unjust portion of the burden of taxation for said year, and will unjustly discriminate against petitioner."

Petitioner further alleges that—

"Petitioner has exhausted all remedies provided by law for relief by appealing to the State Tax Commission which refused relief to the petitioner after it had ordered the additional raise shown."

Raabe & Mauger v. Tax Com., 27 N. M. 279.

This suit was brought under Code 1915, § 5475, the district attorney indorsing the petition and allowing the matter to be submitted to the court. No pleadings were filed by the state nor the State Tax Commission. The matter was presented to the district court and after hearing the evidence submitted on behalf of the petitioner and the state, the court abated the taxes as aforesaid. To this judgment the State Tax Commission excepted and appealed.

Appellant assigns four errors, only one of which we think necessary to consider, as it controls the case, namely, that the court was without jurisdiction of the subject-matter of the action.

This case is controlled by two cases heretofore decided by this court, namely, Bond-Dillon Co. v. Matson, 27 N. M. 85, 196 Pac. 323, and First State Bank of Bernalillo v. State, 27 N. M. 78, 196 Pac. 743. In the former case the following language is pertinent and applies to the present suit:

"The injustice for which the taxpayer is entitled to relief is not an injustice caused by errors of judgment of the taxing authorities in fixing an alleged overvaluation of his property when, as here, he has had notice and a hearing on the question and the determination of the value of said property. The taxpayer is entitled to relief in equity on a proper showing, but the injustice for which the statute [Code 1915, section 5475] is intended to give relief is, by its terms, such injustice, as is caused by any errors of other kinds (other than obvious clerical ones) discovered by the treasurer or taxpayer in said assessment book and does not contemplate such overvaluation as is alleged as a ground for relief in this case.   *   *   *   But the power of the treasurer and the courts under this statute does not extend to overturning, correcting, or modifying every action or step taken by the taxing authorities in the assessment and collection of taxes and substituting the judgment of the courts for that of the taxing authorities in all questions of fact, law, and policy in regard to taxation."

"In our opinion the court could not set aside the findings of the assessor and the State Tax Commission and independently determine that their decisions in matters of fact were wrong

and fix the value of a taxpayer's property after that matter, upon hearing, had been determined by the taxing authorities. In other words, the district court does not make assessments and fix values as was done in this case." Bond-Dillon Co. v. Matson, supra.

See, also, First State Bank of Bernalillo v. State, 26 N. M. 401, 196 Pac. 743 at page 744, where the meaning of said section is explained and the limitations thereof determined.

The case is therefore reversed and remanded, with instructions to dismiss the petition; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.