(No. 2760. Feb. 28, 1924. Rehearing Denied March 26, 1924.)

ABREU et al. v. STATE TAX COMMISSION et al.

### SYLLABUS BY THE COURT.

1. A complaint should state facts from which legal conclusions or deductions can be drawn.

2. A complaint which charges in general terms that an order of the state tax commission was arbitrarily made, without regard to the rights of plaintifffs, in disregard of the Constitution of the United States and of this state, with partiality towards certain persons and corporations, and that it granted a discriminatory reduction in the value of certain properties, without stating the facts which constitute such conclusions, is fatally defective because no facts are stated which constitutes a cause of action.

3. A demurrer admits only such matters as are well pleaded in the pleading against which it is directed.

4. Courts presume that taxing officials have discharged their duties in conformity with law, and this presumption obtains until overcome by facts pleaded and proven.

5. Section 6, c. 54, Laws of 1915, which provides that the state tax commission shall have authority to amend or modify any order made by it upon a proper showing made within 30 days after the date of the entry of the original order, is limited to orders made in increasing or decreasing values of property, by the percentage method, in the course of equalizing values throughout the state. It does not apply to an order made by the commission in the exercise of its powers and fuctions in originally classifying and valuing certain kinds and classes of property for the purpose of taxation.

Appeal from District Court, Colfax County; Leib, Judge.

Action by N. M. Abreu and others against the State Tax Commission and others. From an order sustaining a demurrer to the complaint and a judgment of dismissal, plaintiffs appeal. Affirmed.

H. A. Kiker and H. L. Bickley, both of Raton, for appellants.

O. L. Phillips, of Santa Fe, for appellees.

### OPINION OF THE COURT.

BRATTON, J.   During the month of November,

1919, the state tax commission, acting under authority granted by chapter 115, Laws of 1919, fixed the value of all grazing lands situated in Colfax, Mora, San Miguel and Union counties for the taxable year of 1920, at $3.75 per acre, and duly certified such determination to the assessor of Colfax county, who duly and regularly assessed all such lands at that value. Thereafter, and in June, 1920, J. M. Heck, Maxwell Land Grant Company, Unaca Land & Cattle Company, W. S. Land & Cattle Company, Charles Springer & Co., and H. H. Chandler appeared before the board of equalization, and protested against such valuation of their lands, aggregating about 450,000 acres, claiming that it was too high. The board declined to hear such protest because it considered the same beyond its jurisdiction. Said persons and corporations appealed therefrom to the state tax commission. Said appeal was heard in November of that year with the result that certain reductions were granted, charged by the appellants here to have resulted in reduction to an average of $2.70 per acre on all of said lands.

The appellants here are owners of grazing lands situated in Colfax county, aggregating about 89,000 acres. These lands were included in the original order of the tax commission, fixing their value at $3.75 per acre. This suit was instituted to have said lands belonging to the appellants reduced to $2.75 per acre for taxation purposes for said year; to require the treasurer to accept in full settlement of all taxes against such land the correct sum based upon such valuation, which sum they had paid said treasurer, but he refused to accept it in full settlement; to cancel all of that part of the taxes assessed by reason of the value in excess of such sum; and to enjoin such treasurer from taking any steps by instituting suits, by sale, or otherwise, to collect such taxes based upon such valuation exceeding the 'aforesaid sum of $2.75 per acre.

The state, joined by the state tax commission, interposed a demurrer which attacked the sufficiency of

the complaint on a great many different theories. This demurrer was sustained, and, the appellants failing to plead further, a judgment was rendered dis-, missing their complaint.

[**1, 2**] 1. As we have just said, the demurrer, attacked the complaint from numerous angles. Without discussing others, we think one of these which goes to the very life of the complaint, was well taken and disposes of the case. The complaint charges that such order of reduction made by the state tax commission constituted an arbitrary selection made under the guise and name of classification; that it was made without regard to the rights of the appellants and other owners of grazing land situated in said county; that it was made in disregard of the constitutional requirement that taxes against tangible property shall be in proportion to the value thereof and shall be equal and uniform upon subjects of the same class; that it was made in disregard and in violation of the Fourteenth Amendment to the Constitution of the United States; that it was made with partiality to said persons and corporations; that it denied to the appellants and others similarly situated equal protection of law, and was an arbitrary system and plan which constituted a fraud upon the rights of the appellants and others similarly situated. And, finally, it is charged that by said order a discriminatory reduction was made in favor of said persons and corporations. Obviously the appellants proceeded upon the theory that the action of the state tax commission constituted a discrimination against them and all others similarly situated. Indeed, it is repeatedly said by their counsel throughout their brief that this is the theory upon which they are proceeding, but the trouble with their position is that they have not pleaded facts bringing themselves within this rule. To be sure, the Constitution provides that taxes levied upon tangible property shall be in proportion to its value, and they shall be equal and uniform upon subjects falling within the same class.

Abreu et al v. State Tax Com., 29 N. M. 554

"Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class." Article 8, § 1, Const.

But no facts are pleaded by the appellants to show that any discrimination against them has occurred. They do not plead the actual value of the lands which the state tax commission reduced to $2.70 per acre; they do not charge that it is worth more or less than that sum. Neither do they plead the actual value of their own lands, and they do not charge that they are worth less than $3.75 per acre, and they even fail to charge that their lands and those reduced are of the same value. They merely plead that the order of reduction constituted a discrimination against them; that it was arbitrary and made in violation of the Constituton of the Unted States and of this state. These declarations are merely conclusions of the pleader. There are no facts pleaded, which in legal contemplation, constitute the exercise of an arbitrary power, a discrimination, or a violation of any constitutional provisons of the Unted States or of this state. It is a rule of law, so well established that we shall take neither time nor space to cite authorities to sustain it, that facts must be pleaded from which such legal conclusions or deductions can be drawn. As a simple illustration, suppose this case had come to trial, what facts could the appellants have proven establishing such discrimination, or arbitrary conduct of the state tax commission, or violation of the constitutional provisions referred to, and still be within the issues raised by the pleading? They could not have proven the value of their own lands. They could not have proven the value of the lands which the tax commission reduced, and they could not have proven that all of said lands were of the same actual or market value. They could not have brought forward any proof which would have authorized the court to find or conclude that any discrimination whatever against them had occurred, because none of these facts were pleaded.

To sustain themselves, appellants rely upon Ute Creek Ranch Co. et al. v. McBride, 20 N. M. 377, 150 Pac. 52, and First National Bank v. McBride, 20 N. M. 381, 149 Pac. 353. Without discussing these cases together with subsequent cases from this court treating the same or kindred questions (Bond-Dillon Co. v. Matson, 27 N. M. 85, 196 Pac. 323; First State Bank of Bernalillo v. State, 27 N. M. 78, 196 Pac. 743; Raabe & Mauger v. State Tax Commission, 27 N. M. 279, 199 Pac. 1014; State Tax Commission v. Dick et al., 28 N. M. 218, 210 Pac. 392; W. S. Land & Cattle Co. et al. v. McBride, 28 N. M. 437, 214 Pac. 576), they can avail appellants nothing. In those cases the facts constituting discrimination were fully pleaded. In the former it was explicitly set out that the state board of equalization had fixed the value of grazing lands in Colfax county at 75 cents per acre; that it had fixed the value of grazing lands situated in 10 other counties at 60 cents per acre; that in 7 others, such lands had been valued at 50 cents per acre; while in still 6 others they had been fixed at 40 cents per acre; and that all of said lands were of the same value as those situated in Colfax county—thus clearly pleading facts which, if proven, would constitute a discrimination, because the taxes would not have been equal and uniform upon subjects of the same class. In the later case referred to, the facts pleaded were that the plaintiffs, being three national banks, had returned their property for taxation of 35 per cent. of its actual value, as required by the assessor; that said assessor had intentionally and wilfully failed to assess or require to be rendered, credits, mortgages, and other moneyed capital belonging to certain individuals to an amount exceeding $100,000; that he had assessed the rest of the plaintiffs' property at 50 per cent. of its value, while the property of other taxpayers had been assessed at a rate not exceeding 35 per cent. of its value; and that he had directed other persons to return only two-thirds of the number of live stock they actually owned and subject to taxation, and had assessed the same at 35 per cent. of its value. They fur-

ther pleaded that said state board of equalization finally fixed the value of all property belonging to banks at 50 per cent. of its actual value, and that their property had been assessed and the taxes extended thereon upon the tax rolls at that figure. Clearly, these facts, if proven, would constitute a discrimination, but no such facts are pleaded in the case now before us. The complaint in this case follows closely upon the general declarations made by this court in the two cases referred to, but it contains no facts bringing the parties within the rule there declared.

[3] In reaching our conclusion upon this phase of the case, we are not unmindful of the rule that the demurrer admitted all facts well pleaded. This rule, however, ends there. It admits only such matters as are well pleaded, and a pleading which consists of conclusions without facts establishing them is not immune from attack by demurrer, notwithstanding such admission.

[4] Much is said by counsel in criticism of the order of reduction made by the tax commission as constituting partiality or even discrimination in favor of the owners of the lands so reduced. As we have said, no facts are pleaded which establish these elements of fraud. Just why the order was made we do not know, and it does not concern us. The general rule is that courts always presume taxing officials have done their duty in conformity with law, and this presumption obtains until it has been overcome by facts pleaded and proven by him who asserts otherwise. W. S. Land & Cattle Co. v. McBridge, 28 N. M. 437, 214 Pac. 576, supra. We must therefore presume that the subsequent order was properly made.

[5] 2. The appellants make the further contention that the order of reduction made by the state tax commission is void because it was made more than 30 days after the date of the original order, which such order of reduction sought to modify. In this connection, the

contention is brought forward that under the terms of section 6, c. 54, Laws of 1915, the state tax commission has no power or authority to amend or modify an order more than 30 days after its promulgation. This statute provides:

"It shall be the duty of the state tax commission to inquire into and ascertain each year the actual total value of the property subject to taxation in each county of this state as nearly as practicable. At its July meeting in each year, or any adjournment thereof, the commission shall examine the assessment rolls of the several counties of the state and if the actual value of taxable property in any county as so determined by the commission is more or less than the valuation thereof as shown upon such assessment roll, the commission shall, by order duly made and entered on its records increase or decrease, as the case may be, the total valuation of all the property in said county subject to taxation, as shown by such assessment rolls, except the property the valuation of which shall have been fixed by previous orders of the state tax commission, and except property which the commission shall find to be assessed at its actual value, by such percentage as will bring the total valuation of such property to the actual value thereof as ascertained by said state tax commission; thereupon, it shall be the duty of such state tax commission to certify said order to the assessor of such county. It shall be the duty of said county assessor, upon receipt of such order forthwith to cause such raise or reduction to be extended upon the assessment roll of such county, by adding or deducting the same percentage upon the total assessed valuation of the property of each taxpayer in such county in accordance with the order of the state tax commission. The said commission shall have the authority to amend or modify any order made by it upon a proper showing made within thirty days after the date of the entry of such order."

This limitation or restriction upon the power of the tax commission to amend or modify its orders, clearly refers to orders made increasing or decreasing, by the percentage method, properties of the several counties in the course of equalizing their value throughout the state. It contemplates orders made in raising or lowering values of property which has been valued by the local taxing officials of the respective counties and submitted to the tax commission for the purpose of such increases or decreases in the interest of uniformity of values. It has nothing whatever to do with orders made by the commission in the exercise of its

powers and functions to originally classify and value certain kinds and classes of property for the purpose of taxation. The limiting or restricting part of the statute refers to the prior or antecedent parts of it, and does not apply to an order of the kind involved here which was made without regard to and entirely independent of said statute, but was made under a different law, dealing with an entirely different subject.

For the reason stated, the lower court correctly sustained the demurrer, and the judgment will therefore be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.

(No. 2761, Feb. 28, 1924. Rehearing Denied March 26, 1924.)