78 P.2d 1116

### In re TAXES ASSESSED AGAINST PROPERTY OF SCHOLLE, FOR YEARS 1931, 1933, and 1934.

### SCHOLLE v. STATE TAX COMMISSION.

#### No. 4360.

Supreme Court of New Mexico.

April 26, 1938.

Marron & Wood, of Albuquerque, for appellant.

C. C. McCulloh, of Santa Fé, for appellee.

HUDSPETH, Chief Justice.

Fred Scholle sued for the cancellation of assessments of improvements on his property in Belen, Valencia county, N. Mex., and the return of taxes paid under protest.

For the years 1931 and 1933 there was no appeal from the valuation placed upon the property by the assessor, but Scholle maintains that the assessments are illegal and invalid, and that he has a right to invoke the jurisdictional remedies against the illegal acts of the assessor. This question was determined adverse to Scholle in Re Blatt, 41 N.M. 269, 67 P.2d 293, 303, 110 A.L.R. 656, where we quoted from Stanley v. Supervisors of Albany County, 121 U.S. 535, 7 S.Ct. 1234, 30 L.Ed. 1000, as follows, "The most that can be expected from wise legislation is an approximation to this desirable end; and the requirement of equality and uniformity found in the Constitutions of some states is complied with, when designed and manifest departures from the rule are avoided," and said: "When the assessor fixes the value upon property and the taxpayer fails to appeal first to the county board of equalization and then to the State Tax Commission, such value as placed on the property by the assessor becomes final, and the court cannot set up its own judgment of the value of the property in lieu thereof. Chapter 143 in no manner changed the rule or the law."

However, for the year 1934 the appellant appealed to the county board of equalization and to the State Tax Commission, and then petitioned the district court for relief. The district court found, at Scholle's request, that the improvements on Scholle's land were assessed at approximately two-thirds of their value; that the improvements on other large business properties in the business section of Belen were assessed at from one-third to one-fifth of their value. Scholle maintains that these facts support his allegations that the assessor made such assessments "in an illegal, unjust and arbitrary manner, and the assessor intentionally and illegally discriminated against the petitioner by assessing his property greater in proportion to its actual value than that of other property of the same class belonging to other persons, in disregard to the constitutional requirement that the taxes on all tangible property shall be equal and uniform upon subjects of taxation in the same class," and cites Ute Creek Ranch Co. v. McBride, 20 N.M. 377, 150 P. 52; Abreu v. State Tax Commission, 29 N.M. 554, 224 P. 479. In Re Blatt, supra, we held: "There is no method provided by statute in New Mexico,

whereby a taxpayer who is aggrieved because of excessive assessment can appeal from the ruling of the State Tax Commission to the courts. The exception is in a case where a court of equity may review upon facts specifically set forth showing the assessment to be so excessive as to be constructively fraudulent, and then only upon a showing that all other remedies designated by the statute have been exhausted."

Appellant maintains that the assessment is so excessive as to be constructively fraudulent. The trial court concluded that there was no such discrimination against Scholle as would warrant interference by the court; that there was no systematic and intentional discrimination or fraud perpetrated by the assessing authorities. The trial court also commented upon the fact that much property is not assessed at its full value, and that the Scholle property was assessed at only two-thirds of its market value. This last-mentioned fact—that appellant's property is assessed at less than the actual market value—is determinative, and it becomes unnecessary for us to consider the other points argued. In South Spring Ranch & Cattle Co. v. Board of Equalization, 18 N.M. 531, at page 572, 139 P. 159, 174, we said: "So long as the taxpayer is not assessed more than the law provides, and in the absence of some well-defined and established scheme of discrimination, or some fraudulent action, he has no cause of complaint, and the courts have no power to review the action of the various taxing agencies established by law."

We have no desire to depart from the rule so long established in this state that the court will not afford relief to a taxpayer whose property is not assessed more than the law provides. The courts are always reluctant to interfere with the administrative officers of the state and the quasi judicial bodies administering the tax laws.

For the reason stated, the judgment of the district court will be affirmed.

It is so ordered.

SADLER, BICKLEY, and BRICE, JJ., concur.

ZINN, J., did not participate.