302

318 P.2d 602

**James E. BARNES, Plaintiff-Appellant,**

**v.**

**TOWN OF BELEN, a municipal corporation, Defendant-Appellee.**

**No. 6217.**

Supreme Court of New Mexico.

Nov. 26, 1957.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellant.

Chavez & Cowper, Belen, for appellee.

SADLER, Justice.

The plaintiff as an appellant before this Court complains of the action of the district court of Valencia County in dismissing his first amended complaint in which he sought damages for personal injuries.

The action was begun against the Town of Belen alone by the filing of an original complaint on June 10, 1955. After service and answer and on October 14, 1955, the plaintiff was granted leave to amend and filed his first amended complaint in which he joined several additional defendants making allegations of negligence against them in either furnishing defective equipment or incompetent workmen for installation of same in connection with the water works improvements undertaken by the Town of Belen. The amended complaint having been dismissed upon motion filed by all the defendants, the plaintiff applied for and was granted an appeal.

All defendants filed motions to dismiss the appeal urging, among other grounds, that the appeal was taken unseasonably.

The order of dismissal was entered on September 14, 1956. The appeal was granted on October 16, 1956, thirty-two days later. We sustained the motion as to all defendants except Town of Belen whose right of appeal remained 90 days from entry of judgment by virtue of a savings clause in the amendment of Supreme Court Rule 5, reducing the time therefor to 30 days. As to Town of Belen the action was commenced by filing its original complaint, prior to effective date of the amendment. As to all other defendants the action was not deemed commenced until they were named as defendants and brought in by the First Amended Complaint and, hence, an appeal seeking the review of a judgment in their favor could only be prosecuted within 30 days from its entry.

Coming then to the question whether the amended complaint stated a cause of action against the defendant, Town of Belen, upon which relief might be granted. If it did, the trial court erred in dismissing the amended complaint. If it did not, there was no error. So it is, we must examine the pleading against which the motion was directed. The amended complaint reads:

"Plaintiff for his cause of action states:

"I. That plaintiff is a resident of Valencia County; that all defendants, with the exception of Westinghouse Electric Corporation, are residents of the State of New Mexico; that defendant, Westinghouse Electric Corporation, is a foreign corporation duly authorized to transact business within the State of New Mexico.

"II. That the defendant, Starr & Cummins, entered into a contract with defendant, Town of Belen, for the construction of certain water works improvements, said contract being entered into on September 28, 1953; that defendant, Starr & Cummins, completed the erection and installation of the water works improvements in accordance with the contract with the exception of two very minor items of equipment, delivery on which was delayed and which were not necessary to the operation of the improvements; that defendant, Town of Belen, took possession of the improvements and commenced operation thereof on or about the 15th day of March, 1954.

"III. That Westinghouse Electric Corporation manufactured and supplied a certain portion of the equipment used in the pump house on the Belen water works project, and subsequent to the installation of such equipment sent an agent and employee of the said corporation to defendant, Town of Belen, to repair and inspect said equipment; that the defendant, Westing-

house Electric Corporation, was negligent in the design and manufacture of the equipment furnished and the representative of the said defendant, Westinghouse Electric Corporation, was negligent in making the repairs on the equipment and/or failing to properly inspect and repair the equipment.

"IV. That defendant, Howard Sheets, was negligent in supplying defective equipment to be used on the project when he knew or should have known that such material was defective.

"V. That the defendant, Town of Belen, was negligent in furnishing a person to operate the machinery in the pump house who was inadequately trained and experienced with such machinery.

"VI. That defendant, William F. Turney, was negligent in the design and location of the electrical equipment in the pump house constructed for the defendant, Town of Belen, by defendant, Starr & Cummins, and was further negligent in allowing an inadequately trained and experienced person to operate the said equipment.

"VII. That as the result of the said negligence of defendants, plaintiff suffered acute exposure to chlorine gas, resulting in critical burns to his lungs and to his eyes, all to his damage in the sum of One Hundred Thousand Dollars ($100,000.00); that in addition, plaintiff has incurred, and will incur medical expenses in the approximate sum of Two Thousand Five Hundred Dollars ($2,500.00).

"VIII. That as the further result of the said negligence of defendants, plaintiff has been unable to work, and will be unable to work for a considerable period of time, all to his further damage in the sum of Twenty Five Thousand Dollars ($25,000.00).

"Wherefore Plaintiff prays the Court for judgment against the defendants, jointly and severally, in the sum of One Hundred Twenty Seven Thousand Five Hundred Dollars ($127,500.00), for the costs of this action and for such other and further relief as to the Court may seem just."

As will be seen the amended complaint alleges the defendant, Town of Belen, entered into a contract on September 28, 1953, for the construction of certain water works improvements. Starr & Cummins, the contractors, completed the job in due season with the exception of minor items of equipment, delivery on which was delayed and which were unnecessary to operation of the plant. The Town took possession of the plant and began operations on or about March 15, 1954.

Next follow allegations as to other defendants dismissed from the case and with which we are not now concerned and need not repeat. And, finally, this allegation as to Town of Belen:

"That the defendant, Town of Belen, was negligent in furnishing a person to operate the machinery in the pump house who was inadequately trained and inexperienced with such machinery."

In succeeding paragraphs of the amended complaint it is alleged "that as the result of said negligence of defendants, plaintiff suffered acute exposure to chlorine gas, resulting in critical burns to his lungs and to his eyes, all to his damage in the sum of One Hundred Thousand Dollars ($100,000.-00); that in addition, plaintiff has incurred, and will incur medical expenses in the approximate sum of Two Thousand Five Hundred Dollars ($2,500.00)." And, an added sum of $25,000 was asked for loss of wages through inability to work.

It will be observed from a reading of the amended complaint, it fails to allege even the kind and nature of the occurrence out of which the plaintiff's injury arose. All allegations peculiar to the Town's co-defendants dismissed from the case may and should, of course, be disregarded. We suspected rather strongly that a fire originated in the plant, a surmise supported by the trial court's reference to plaintiff as a volunteer fireman for the Town of Belen in the order dismissing the amended complaint, reading as follows:

"This cause comes before the Court this morning on a Motion for Summary Judgment filed by Howard Sheets and a Motion to Dismiss filed by the Town of Belen for failure to state a cause of action.

"The Court after hearing argument of counsel and all respective counsel in the case having been notified and being present in Court, the Court hearing from Mr. Clear of McAtee, Toulouse & Marchiondo, that he in Open Court admitted that the plaintiff, James E. Barnes, was a voluntary city fireman at the time in question and was fighting a fire in the pump house when the accident occurred, the Court thereupon Orders that both motions are well taken and the cause is dismissed.

"Let the record show that respective counsel for all defendants in the cause in Open Court joined in said Motions."

So treated, let us see wherein the amended complaint states or fails to state facts upon which relief can be granted. Counsel for defendant aptly and significantly state:

"Plaintiff's Amended Complaint fails to allege:

"1. Facts tending to establish any relationship between Plaintiff and Appellee.

"2. Facts tending to show any duty owed by Appellee to Plaintiff.

"3. Facts tending to show any breach of any duty which might have been owed by Appellee to Plaintiff.

"4. Facts tending to show control or possession, exclusive or otherwise, by Appellee of the chlorine gas to which Plaintiff was exposed.

"5. The place or premises upon which Plaintiff was at the time of his exposure to chlorine gas, or that Plaintiff was at any place or upon any premises in the possession or control of Appellee at the time of his injury.

"6. Facts tending to show that Appellee had any knowledge superior to Plaintiff's with respect to any dangers existent at the place where Plaintiff may have been at the time of his injury, or facts tending to show that Appellee had any opportunity or obligation to advise Plaintiff of any such danger.

"7. Facts tending to show that Plaintiff had any right to be at the place or upon the premises where he was injured.

"Boldly stated, Plaintiff's Amended Complaint alleges that, at a time when the parties bore no particular relationship to one another, Appellee employed inexperienced help, and, that as a result, in part, thereof, Plaintiff, being at a place unknown, was exposed to chlorine gas which injured him. Does this state a cause of action in favor of Plaintiff and against Appellee? We think not."

Neither do we. In 4 Bancroft's Code Pleading 3536, § 2038, it is stated:

"Since negligence always involves the breach of a legal duty, it is essential that the complaint show such a duty on the part of the defendant. Obviously this cannot be done by a simple averment of the duty since such an allegation would be a mere legal conclusion. The facts from which the duty flows must be stated. The relation between or the conditions surrounding the parties and from which the duty flows must be set forth in such a way that the court may draw the legal conclusion, though it is only necessary to state such facts as in law create the duty. Thus where the duty is predicated upon the doctrine of respondeat superior, a relationship making such doctrine applicable must be alleged. So where recovery depends upon the plaintiff's having been rightfully upon another's property, the facts alleged must show such right and the corresponding duty, or, in the case of an injury to an infant,

facts bringing the case within the attractive nuisance doctrine. And where a duty to warn of an ordinarily obvious danger arises only under unusual circumstances, such circumstances must be alleged in an action based on the failure to warn."

 Counsel for defendant say we should not consider the fact that plaintiff was a voluntary fireman engaged in fighting a fire at time of the injury complained of. It is mentioned in the order dismissing the amended complaint and is based on admissions of counsel at the oral argument. We think the complaint involved may be deemed amended by the admission since it was so treated by the trial court. But, so treated, we think, as did the trial court, that it afforded no aid to sufficiency of the amended complaint. In our opinion, with or without the addition, it failed to state facts upon which relief could be granted. 45 C.J. 1062, § 633; 65 C.J.S. Negligence § 186, p. 872; Abreu v. State Tax Commission, 29 N.M. 554, 224 P. 479; In re Morrow's Will, 41 N.M. 723, 73 P.2d 1360.

Finding no error, the judgment of the trial court will be affirmed.

It Is So Ordered.

LUJAN, C. J., McGHEE and COMPTON, JJ., and GEO. T. HARRIS, District Judge, concur.