463 P.2d 32

**CITY OF CARLSBAD, a Municipal Corporation, Plaintiff-Appellee,**

v.

**NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, Defendant, Third-Party Plaintiff-Appellant,**

v.

**Charles Irby ABERNATHY, Bobbie McDaniel and E. Shan, Third-Party Defendants-Appellees.**

No. 8889.

Supreme Court of New Mexico.

Jan. 5, 1970.

Walker & Estill, Carlsbad, for appellant.

James L. Dow, Carlsbad, for third-party defendants-appellees.

Jerome D. Matkins, Carlsbad, for plaintiff-appellee.

## OPINION

WATSON, Justice.

The City of Carlsbad brought this action against the Northwestern National Insurance Company of Milwaukee, Wisconsin, to recover for a fire loss of a large frame structure known as the parachute building,

which had been constructed by the United States Government in the early 1940's at the airport. In February, 1967, and prior to the issuance of the policy, the building had been appraised at $4,000.00 on the basis of its replacement cost less depreciation for insurance purposes, and this value together with the value of the other City properties was attached to the policy. The policy insured the City to the extent of the actual cash value but not exceeding the cost of repair or replacement "nor in any event for more than the interest of the insured."

The City, having determined that the parachute building and one other building were no longer needed and desiring to beautify the airport, on November 27, 1967, published a notice in the local newspaper calling for bids to purchase and remove these buildings and requiring that they be cleared away by February 15, 1968. The Apostolic Faith Tabernacle Church, through the Rev. Charles Irby Abernathy, its pastor, submitted a written bid on a form prepared by the City in which he agreed to clear both buildings by February 15, 1968 and to pay $300.00 for the parachute building. He also agreed in the form bid to furnish a performance bond of $1,000.00. All parties seem to construe the bid as only contemplating the demolition and removal of the parachute building.

The bid was submitted on December 11, 1967 and was accepted by the City Council the next day. Rev. Abernathy was notified of its acceptance and on December 15 took possession and started demolition of the building. On December 22, while the church members were working in the building it was destroyed by fire. The Church members cleaned up the debris after the fire as their bid required but did not pay the $300.00 or furnish the performance bond.

The Insurance Company filed a third party complaint against Rev. Abernathy and two other church members alleging that their negligence caused the fire. Rev. Abernathy and the two others filed a cross-complaint against the Insurance Company for $300.00 or, in the alternative, against the City for whatever it might recover in its action on the policy.

After a trial without a jury, judgment was awarded the City against the Insurance Company in the sum of $3,000.00, being the value of the building less the concrete floor, as found by the court, and the third party pleadings were dismissed. Only the Insurance Company has appealed from the judgment against it. It claims error in the trial court's refusal to find that a contract for sale and removal had been entered into before the fire and that the City's insurable interest was only $300.-00.

The trial court concluded that only negotiations for the removal of the building were undertaken and that the parties had arrived at no completed or enforceable contract. It also concluded that Notice to Bidders had not been published in accordance with paragraph B of § 14–55–2, N.M. S.A., 1953 Comp., and that there had been no attempt to comply or bring the matters involved within the provisions of paragraph A of § 14–55–2, supra. These sections read:

"A. A municipality may sell real or personal property not essential for a municipal purpose for cash at public or private sale without notice where it is shown to the governing body that such property does not exceed the value of five hundred dollars ($500).

"B. A municipality may sell real or personal property having a value of more than five hundred dollars ($500) which is not essential for a municipal purpose, at public or private sale after giving notice of such sale to be published once each week for two [2] consecutive weeks prior to sale upon such terms and conditions as imposed by the governing body."

The trial court made no specific findings substantiating these conclusions but did

find that one notice had been published, that no performance bond had been given, that no permission to commence removal of the building had been granted, and that the $300.00 had not been paid by the bidders. It concluded that the building was real property and that no verbal or written transfer of it had been made.

■ There being only one publication, unless there is evidence to the contrary, we must presume that the City officials complied with the law in accordance with paragraph A of § 14–55–2, supra. City of Albuquerque v. Gott, 73 N.M. 439, 389 P.2d 207 (1964). We see no reason why this presumption should not obtain as to municipal officials as it does to state and county officials until overcome by facts pleaded and proven by him who asserts otherwise. Abreu v. State Tax Commission, 29 N.M. 554, 224 P. 479 (1924); Fulwiler v. Traders & General Insurance Company, 59 N. M. 366, 285 P.2d 140 (1955). Under the circumstances, the fact that there was a statement attached to the City's policy which listed the parachute building as valued at $4,000.00 would not overcome this presumption. We find no reference in the record as to the value of the other building. The determination of the City to rid itself of the building and its ready acceptance of Rev. Abernathy's bid (it being the only one received) supports the presumption of legality and indicates that there was a showing that the property did not exceed the value of $500.00. Section 14–55–2, par. A, supra.

If the City was, therefore, authorized to make a contract with the Church or Rev. Abernathy, did it do so? The trial court found that the bid was submitted and was accepted by the City, not that it would be accepted upon the payment of $300.00 and the furnishing of a performance bond.

Both appellant and appellee argue that the law on this subject is correctly stated in 10 McQuillin on Municipal Corporations § 29.80 (Rev.Vol.1966) "Creation of Contract" at 441 as follows:

"* * * [I]t is usually held that the acceptance of a valid bid by the proper municipal authorities, where all legal requirements are observed, constitutes a binding contract * * *."

■ When the City informed Rev. Abernathy of the acceptance of the bid, its interest in the parachute building became subject to the contract to sell the building in accordance with the terms of the bid. Elsinore Union Elementary School District v. Kastorff, 129 Cal.App.2d 60, 276 P.2d 112 (1954). The City was then entitled to both the payment and the performance bond upon demand, but the record shows that no such demand had been made up to the time of the fire. Certainly there is no evidence of any negotiations being undertaken, but to the contrary the contract appears complete and enforceable except for the passage of title. The contract to sell and remove the building did not involve real property. Rankin v. Ridge, 53 N.M. 33, 201 P.2d 359, 7 A.L.R.2d 510 (1948). Had it involved the sale of real estate, a vendor's lien for the purchase price has been held to be sufficient interest for its recovery under the policy. See Koppinger v. Implement Dealers Mutual Ins. Co., 122 N.W.2d 134 (N.D.1963).

■ The trial court was correct in refusing appellant's tendered conclusion of law that the City had parted with all of its rights. The City Purchasing Officer testified that he had "sold lots of salvage, and they always deliver a check before it is picked up." Although Rev. Abernathy disputed the Purchasing Officer's statement that no permission had been given for his possession, no bill of sale was delivered and there is no evidence to show that as of the date of the fire the parties had intended that title was to pass prior to payment of the purchase price. Their intent is con-

trolling. Knotts v. Safeco Insurance Company of America, 78 N.M. 395, 432 P.2d 106 (1967); Garrison General Tire Service, Inc. v. Montgomery, 75 N.M. 321, 404 P.2d 143 (1965).

Here the City's interest in the insured building was similar to that of the vendor under a conditional sales contract. See Fulwiler v. Traders & General Insurance Company, supra, and Givens v. Southern Farm Bureau Casualty Ins. Co., 197 So.2d 380 (La.App.1967). According to the terms of the policy the insured could not recover any more than its interest. The general rule, subject to qualifications which we deem inapplicable here, is that the insured with only a limited interest cannot recover the full value of the property destroyed but is limited to the value of his actual interest therein. 44 Am.Jur. 2d Insurance § 1648, at 556. At the time of the fire the insured's interest was in receiving $300.00 in payment for the building and in having the building and all rubbish and debris cleared by February 15, 1968. Paramount Fire Ins. Co. v. Aetna Casualty & Surety Co., 163 Tex. 250, 353 S.W.2d 841 (1962). It can hardly be contended that the City had any outstanding obligation to the purchaser as Rev. Abernathy testified that the property had been received seven days prior to its destruction and was in his possession. Since the building and all rubbish had been cleared, the City's actual interest as shown by the record was to receive the sales price of $300.00, and the judgment should have been awarded for that sum.

The cause is remanded with directions to the trial court to reinstate the case upon its docket and modify its judgment by reducing the award to the plaintiff City to the sum of $300.00.

It is so ordered.

COMPTON and TACKETT, JJ., concur.